McArthur COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–93–00119–CR.

Court of Appeals of Texas, Tyler.

Dec. 31, 1993.

Rehearing Overruled Feb. 3, 1994.

William Douglas Bloodworth, II, Inmate Legal Services, Huntsville, for appellant.

Randy Sikes, Asst. Dist. Atty., Palestine, for appellee.

HOLCOMB, Justice.

Appellant, who was an inmate at the Texas Department of Criminal Justice–Institutional Division ("TDCJ–ID"), was found guilty of aggravated assault on a correctional officer and given life imprisonment after a jury also found the enhancement paragraphs to be true. Appellant argues that the trial court erred in ordering Appellant's sentence to run consecutively to another sentence which Appellant had not yet begun to serve at the time of this offense, in violation of TEXAS CODE OF CRIMINAL PROCEDURE article 42.08(a)(b). We will affirm.

Appellant was an inmate in the Michael Unit of TDCJ–ID. He was indicted for aggravated assault on a correctional officer. The indictment contained enhancement paragraphs alleging two prior convictions. The present offense occurred on March 20, 1991, while Appellant was serving a fifteen year sentence for aggravated robbery in cause number F89–77450–QN. While Appellant was incarcerated for aggravated robbery, he was subsequently convicted of escape in cause number 2162. For the escape offense, he received a ten year sentence to be "stacked" on his original sentence of fifteen years for aggravated robbery. For the assault on a correctional officer offense, the jury found Appellant guilty and assessed life imprisonment. The trial judge ordered that sentence to begin *after* the ten year sentence for escape. Defense counsel objected to this based upon what he alleges to be a violation of TEXAS CODE OF CRIMINAL PROCEDURE article 42.08, which reads as follows:

Art. 42.08. Cumulative or Concurrent Sentence

(a) When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. *Except as provided by Sections (b) and (c) of this article,* in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; ....

(b) If a defendant is sentenced for an offense *committed while the defendant was a prisoner in the Department of Corrections* and the defendant has not completed the sentence he was serving at the time of the offense, *the judge shall order the sentence for the subsequent offense to commence*

*immediately on completion of the sentence for the original offense.*

TEXAS CODE OF CRIMINAL PROCEDURE article 42.08(a), (b) (emphasis ours).

Appellant argues that the language of subsection (b) is unambiguous, that the sentence for an offense which was committed while serving time in prison must begin to run upon completion of the "original" sentence for which he was initially imprisoned, and which he was serving when this offense occurred. Appellant contends that the "original sentence" was the *robbery* charge, and thus, the aggravated assault sentence must run concurrently with his sentence for *escape*.

 Our research leads us to conclude that this novel argument presents us with a question of first impression. We note that the CODE CONSTRUCTION ACT[1] informs us that singular terms are plural unless specifically defined. TEX.GOV'T CODE ANN. § 311.012(b) (Vernon 1988); TEX.CODE CRIM.PROC.ANN. art. 3.01 (Vernon 1977). Thus, we conclude that the phrase, "the sentence for the original offense" also means "the sentences for the original offenses." We believe this is in accord with the intent of the Legislature to prevent, suppress, and punish crimes. TEX. CODE CRIM.PROC.ANN. art. 1.26 (Vernon 1977). We notice generally that a defendant has no right to concurrent sentencing; whether punishment will run cumulatively or not is within the discretion of the trial judge. *Carney v. State,* 573 S.W.2d 24 (Tex.Cr.App.1978); *Christopher v. State,* 489 S.W.2d 573 (Tex.Cr. App.1973). The plural phrase also comports with the Legislature's intent, reflected by the whole article, which is to give the trial court discretion to "stack" sentences, except when, a prisoner in the Texas Department of Criminal Justice–Institutional Division commits a crime, and in that event it is mandatory that the sentence run cumulative. TEX.CODE CRIM.PROC. art. 42.08. Appellant's argument construes the direct opposite of what the Legislature obviously intended by taking away discretion of trial judges to run sentences *concurrently in inmate cases.* The State's argument is that if Appellant's construction is taken to its logical conclusion it would make disruptive inmates immune to prosecution for any act short of capital murder and further undermine any reason to try inmates who are severe discipline problems in our penal institutions. We agree, and therefore, we hold that the words "original sentence" as contained in TEXAS CODE OF CRIMINAL PROCEDURE article 42.08(b) means *any* sentence that the inmate is presently serving or *any* sentence that a given defendant has received. This point is overruled.

The judgment of the trial court is affirmed.

---

1. Act of 1985, 69th Leg., ch. 479, § 1, eff. Sept. 1, 1985.