**Todd RESANOVICH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 767–94.

Court of Criminal Appeals of Texas, En Banc.

Sept. 13, 1995.

T. Kevin Golden, Sugar Land, for appellant.

Randy Sikes, Palestine, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

WHITE, Judge.

Appellant was convicted of the offense of possession of a deadly weapon in a penal institution. Tex. Penal Code Ann. § 46.11. The indictment alleged two prior convictions for purposes of enhancement, and the jury found both true.[1] After the jury was dismissed, the trial court conducted formal sentencing. The State asked that the 80–year sentence for the instant offense be stacked on a previous conviction that appellant was presently serving, a 99–year sentence for murder.[2] Appellant requested that the instant sentence be stacked on the five-year sentence he was presently serving for theft.

---

1. The convictions were for theft and escape. The appellant was presently serving a five-year sentence on the theft conviction and a ninety-nine year sentence on a murder conviction.

2. The Court of Appeals refers to appellant's previous murder sentence as a *ninety* year sentence. The Statement of Facts alleges a ninety-nine year sentence. This discrepancy is immaterial. The Board of Pardons and Paroles will have a record of the correct sentence.

The trial court entered the cumulation order stacking the instant sentence on the 99–year murder sentence. On appeal the Court of Appeals affirmed the conviction.

In affirming the conviction the Court of Appeals relied on its prior decision in *Coleman v. State,* 898 S.W.2d 327 (Tex.App.— Tyler December 31, 1993, pet. granted)[3] and also demonstrated why the instant case is distinguishable from this Court's holding in *Turner v. State,* 733 S.W.2d 218 (Tex.Cr.App. 1987).[4] In *Coleman* the Court of Appeals held that Tex.Code Crim.Proc.Ann. art. 42.08(b) mandated that the trial court cumulate the sentence for any offense committed in prison to the sentences being served. The term "sentence" was defined as whatever the prisoner was serving at the time of the offense. *Coleman* at 328–329. Thus, in the instant case, the trial court found and held that the new sentence would be cumulated to the 99–year murder sentence, as opposed to the five-year theft sentence; and the Court of Appeals affirmed.

Appellant contends, in his sole ground for review, that the trial court improperly ordered his sentence to run consecutively to a sentence in which there was no record evidence of the prior conviction, in conflict with the decision in *Turner.*

In *Turner,* appellant was convicted by a jury of aggravated sexual assault. The jury assessed his punishment at forty (40) years' imprisonment. Just prior to formal sentencing the trial court conducted a hearing on the State's motion for "consecutive sentencing" pursuant to Article 42.08, V.A.C.C.P., requesting that the sentence to be imposed not begin until the sentence in a prior conviction "(Cause Number 39,830)"[5] had ceased to operate. Following the hearing, the trial court ordered the defendant's sentence to run consecutively with the prior conviction described as "Cause Number 39,830." No record evidence of the prior conviction was offered, no testimony was heard identifying the defendant as the person previously convicted, and

there were no admissions or stipulations. This Court set aside the cumulation order, stating that because appellant was not identified as the person previously convicted, the order was invalid. *Turner, supra,* at 223.

In the instant cause, appellant's counsel admitted that appellant was serving a sentence for the previous murder conviction upon which the State requested his current sentence be stacked. The sentencing hearing proceeded as follows:

[THE COURT]: "Gentlemen, any objection to formal sentencing at this time?

[THE STATE]: "None from the State, your Honor. We do request that it be stacked upon the sentence that Mr. Resanovich is currently serving for murder out of the 195th Judicial District Court of Dallas County in cause number F90–0394–N, he was sentenced to on November 19th, 1990.

[THE COURT]: "Any objection to formal sentencing today; from the Defendant?

[DEFENSE COUNSEL]: "No, sir, your Honor. We would request that the sentence be stacked on the sentence he's doing out of Collin County, 366–80086–90 out of the 366th Judicial District for theft of property.

[THE STATE]: "Your Honor, I believe that sentence is already actually been discharged.

[DEFENSE COUNSEL]: "It has not been discharged, your Honor, and he is currently serving it.

[THE STATE]: "That date was what?

[DEFENSE COUNSEL]: "The date to commence was February 11th [sic] 1991. Time credited was 368 days, backdated about a year from that, basically starting in '90. He'd still be serving it and, further into that, Mr. Sikes argued in front of the jury and gave an illusion [sic] that that's the case it was going to be stacked on.

[THE STATE]: "From the evidence, your Honor, because the pen packet—

---

**3.** This Court affirmed the Court of Appeals' decision in *Coleman* in *Basden and Coleman v. State,* 897 S.W.2d 319 (Tex.Cr.App.1995).

**4.** See our discussion of *Turner, infra.*

**5.** No further description of the prior conviction was set forth in the written memo. *Turner, supra,* at 218.

[THE COURT]: "What sentence is he serving? Is he still serving the murder sentence?

[THE STATE]: "I believe he's serving the murder sentence.

[DEFENSE COUNSEL]: "He's serving both of them.

[THE STATE]: "That's the 99 year sentence that he is serving at this time out of Dallas County. If this Court stacks this on the five year sentence he's served for theft, that would be, in effect, the same as running this concurrently with his already life sentence that he's got for murder out of Dallas County, which he had a murder with a deadly weapon with a knife.

[THE COURT]: "Anything further from the State or Defendant?

[DEFENSE COUNSEL]: "Your Honor, 4208(b) [sic] basically says that it should be stacked on the case he's now serving. He is serving both sentences.

[THE COURT]: "Anything you wish to say, Mr. Resanovich, before I sentence you?

[THE DEFENDANT]: "Pray that you would stack it on that sentence my attorney is talking about, sir.

[THE STATE]: "Your Honor, you're allowed, by the *Code* to stack it on the murder sentence that he is serving, and we'd ask the Court not run it concurrently, because otherwise there would be no punishment for this action that he's doing.

[THE COURT]: "Anything further from the State or the Defendant?

[THE STATE]: "No, your Honor.

[DEFENSE COUNSEL]: "None, your Honor."

■ As the above colloquy indicates, the facts in this case are distinguishable from the facts in *Turner*. Here, appellant's counsel admitted at sentencing, as an officer of the court, that appellant was currently incarcerated for and serving the murder sentence.[6] Also, unlike in *Turner*, appellant was in prison when he committed the second offense. As the Court of Appeals notes, this distinction is important. Here the trial court had no discretion under Article 42.08(b) to run the sentences consecutively. Here the sentence had to be cumulated with the sentence he was serving at the time of the offense. In addition, in *Turner* the sentence was cumulated on a sentence of a case which was on appeal and neither Turner or his counsel admitted that he was serving the sentence to which the new sentence would be cumulated. *Turner*, at 221–22. Thus we conclude, as did the Court of Appeals, that the facts of this case are distinguishable from the facts in *Turner*.

■ Appellant also failed to dispute the State's submission regarding the prior murder sentence. Because there were no objections made to the State's undisputed observations, we hold that those observations constitute valid proof in support of the State's submission. *Emerson v. State*, 820 S.W.2d 802, 804 (Tex.Cr.App.1991); *Hicks v. State*, 525 S.W.2d 177 (Tex.Cr.App.1975); and *Canada v. State*, 660 S.W.2d 528, at 530 (Tex.Cr.App.1983).[7]

To appellant's contention that the trial court failed to take judicial notice of appellant's murder sentence, we recognize the general rule of this Court that an appellate court cannot go to the record of another case for the purpose of considering testimony found there but not shown in the record of the case before it.[8] However, to require judicial notice of time presently being served for a prior conviction would be unnecessary, where appellant has already admitted those

---

**6.** The Court would note that this dispute could have been avoided had the prosecution simply introduced the pen pack containing the prior murder conviction into the record. As the discussion at the punishment hearing bears out, the State had the Cause Number in front of them and hence, could have retrieved the pen packet for introduction into the record.

**7.** *See, also Lewis v. State*, 686 S.W.2d 243, at 244 (Tex.App.—Houston [14th Dist.] 1985); *Moore v.*

*State*, 708 S.W.2d 484, at 489 (Tex.App.—Dallas, 1986); *Hughes v. State*, 729 S.W.2d 352 (Tex. App.—Dallas, 1987); and *Tanksley v. State*, 689 S.W.2d 224, Judge Teague, dissenting, at 226, joined by Judges McCormick, Clinton and White (Tex.Cr.App.1985).

**8.** *Turner*, supra at 223; *Salinas v. State*, 542 S.W.2d 864 (Tex.Cr.App.1976); Ray, Texas Practice, Law of Evidence (1980), § 186, p. 236.

particular facts. Here, appellant was identified at sentencing as the person so previously convicted of murder and his counsel stated that he was serving that sentence. Therefore, appellant's attorney's admission of the murder sentence is sufficient to identify appellant as the person previously convicted and properly serves as a basis on which to cumulate his subsequent sentence for possession of a deadly weapon in a penal institution.[9]

Accordingly, the judgment of the Court of Appeals is affirmed.

9. Appellant committed the instant offense while incarcerated in the Institutional Division of the Texas Department of Criminal Justice. The trial judge was required to cumulate the sentences in accordance with Tex.Code Crim.Proc. Ann. art. 42.08(b), which states:

If a defendant is sentenced for an offense committed while the defendant was an inmate in the Institutional Division of the Texas Department of Criminal Justice and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense.