MASON V. STATE

NO. 07-99-0275-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 18, 2000

_______________________________

MARC ALLEN MASON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

________________________________

FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;

NO. 54,172-L; HONORABLE JOHN JAY THORPE, JUDGE

________________________________

Before QUINN, REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant Marc Allen Mason was convicted by a jury of cruelty to animals, a class A misdemeanor, and his sentence was cumulated with a prior felony sentence.  By two issues, appellant argues that (1) the cumulation order is void because it fails to identify him as the person previously convicted,  and (2) challenges the sufficiency of the cumulation order.  Based on the rationale expressed herein, we reform the judgment of the trial court, and as reformed is affirmed.

The underlying facts of appellant’s offense are not in dispute and need only be briefly mentioned.  Appellant was charged by information with the misdemeanor offense of cruelty to animals.  A jury returned a verdict of guilty and assessed punishment at one year in county jail and a $4,000.00 fine.  After the jury returned its verdict, the State moved to cumulate the sentence in this case with a prior sentence.  During the punishment phase, the State called a fingerprint expert to identify appellant as the person previously convicted of  felony burglary of a vehicle.  The fingerprint expert testified regarding his comparison of known thumb prints with those contained in State’s Exhibit No. 31, which consisted of (1) a February 3, 1997 judgment  revoking  probation for Marc Allen Mason, (2) an October 24, 1996 order placing Marc Allen Mason under community supervision, and (3) a March 4, 1999 order granting probation to a Steven Chad Ellis.  Based upon this information, the trial court entered a cumulation order which provided that the current sentence for cruelty to animals would “begin when the judgment and sentence of all preceding convictions shall cease to operate.”

By his first issue, appellant argues that the cumulation order is void because it fails to identify him as the person previously convicted.  We disagree.  As an appellate court, we review appellant’s complaint under an abuse of discretion standard.  Allen v. State, 951 S.W.2d 925, 927 (Tex.App.—San Antonio 1997, pet. ref’d); Tex. Code of Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2000).  A trial court abuses its discretion when it applies an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion.  DuBose v. State, 915 S.W.2d 493, 497-98 (Tex.Cr.App. 1996).

To prove a defendant is the person previously convicted when using certified copies of judgments to obtain a cumulation order, the State must offer expert testimony comparing the defendant's fingerprints with known fingerprints.  Daniel v. State, 585 S.W.2d 688, 690-91 (Tex.Cr.App. 1979).  Here, the State introduced into evidence, without objection, State’s Exhibit No. 31, which consisted of the three items listed above, one of which contained the thumb print of appellant and the other apparently contained the thumb print of Steven Chad Ellis, and also provided expert testimony that linked appellant to the exhibit.  However, appellant argues that the evidence is legally insufficient because the expert identified appellant’s known thumb print with the thumb print found on the judgment revoking probation for appellant 
and
 with the thumb print found on the order granting probation for Steven Chad Ellis.  While the appellant is under no duty to object or present controverting proof in the context of a motion to cumulate, the evidence is sufficient to establish appellant’s prior conviction.  LaPorte v. State, 840 S.W.2d 412 (Tex.Cr.App. 1992); Resanovich v. State, 906 S.W.2d 40 (Tex.Cr.App. 1995) (en banc).  Appellant was adequately identified by the judgment revoking probation and the expert testimony established that appellant was the same person who had been previously convicted of burglary of a vehicle.  The order granting probation for Steven Chad Ellis and the expert testimony associated therewith was irrelevant and unnecessary to establish appellant’s prior conviction.  Moreover, the reporter’s record indicates that appellant’s trial attorney acknowledged to the court that appellant had already served 22 months on the prior felony conviction.  This admission by appellant’s attorney is also sufficient to identify appellant as the person previously convicted and properly serves as the basis on which to cumulate his sentence.  Resanovich, 906 S.W.2d at 43.  Appellant’s first issue is overruled. 

By his second issue, appellant challenges the sufficiency of the cumulation order because it does not comply with the recommended requirements of Phillips v. State, 488 S.W.2d 97 (Tex.Cr.App. 1972).  We agree.  
Phillips
 set forth four recommended elements that should be included in a cumulation order.  These are: (1) the cause number of the prior conviction; (2) the correct name of the court in which the prior conviction occurred; (3) the date of the prior conviction; and 4) the term of years assessed in the prior case.  However, the Court of Criminal Appeals has held that the these elements are not absolutes and a cumulation order that does not include every element may still be valid.  
Ex parte
 San Migel, 973 S.W.2d 310 (Tex.Cr.App. 1998).  Moreover, where the reporter’s  record shows that the trial judge cumulated appellant’s sentence in accordance with the requirements of 
Phillips, 
and when, as here, the necessary information and evidence is before a court of appeals,  the judgment and sentence may be reformed on appeal.  Banks v. State, 708 S.W.2d 460, 462 (Tex.Cr.App. 1986) (en banc).  

The record here shows that appellant was (1) convicted in cause number 8888-B, (2) in the 181
st
 District Court of Randall County, (3) on February 3, 1997, and (4) was assessed five years incarceration in Texas Department of Criminal Justice—Institutional Division.  Therefore, we reform the judgment and sentence in this case so that the punishment of one-year confinement imposed upon appellant by virtue of his instant conviction for cruelty to animals in Cause No. 54-172-L, from the County Court at Law in Randall County, shall begin when the judgment and sentence from the 181
st
 District Court of Randall County in Cause No. 8888-B, for burglary of a vehicle, shall have ceased to operate.

Accordingly, the judgment of the trial court as reformed is affirmed.

Don H. Reavis

     Justice

Do not publish.