NUMBER 13-00-138-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI



___________________________________________________________________


NATHAN WAYNE GIBSON
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 138th District Court


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Kennedy(1)


Opinion by Retired Justice Kennedy


 Appellant appeals his conviction for felony driving while
intoxicated (DWI). A jury found him guilty and then assessed
punishment at confinement for ten years. 

Appellant's brief brings six points of error. The State has not filed a
brief herein.

 The first point of error complains that the State failed to prove all
factual elements alleged in the indictment. Specifically, appellant
alleges that the State has failed to prove that appellant is the same
person who was "twice before" convicted for DWI as alleged in the
indictment.

 The indictment alleges, in its second paragraph, that appellant
was three times convicted of DWI in county courts at law of Cameron
County. Then, in its third paragraph, it alleges a prior felony DWI
conviction in Dallas County. An exhibit, commonly known as a "pen
pack," was admitted by the court in the punishment phase of the trial. 
The pen pack showed a person with appellant's name to have been
convicted in Dallas County on the date alleged in the third paragraph of
the indictment. It contains a photograph of someone. Another exhibit,
known as a DPS driving record, was also admitted into evidence in the
punishment phase of the trial. The driving record shows three prior
convictions in Cameron County, the case number and date of each of
which correspond to prior convictions alleged in the indictment. The
exhibit also contains a photograph of a person. These exhibits,
including the photographs, were shown to the jury which, correctly
charged by the trial court, found appellant guilty and assessed his
punishment within the range provided for a felony DWI.(2)

 In construing Article 42.08(3)
 of the Code of Criminal Procedure
dealing with cumulative or concurrent sentencing, the Court of Criminal
Appeals has said, "Article 42.08(b) clearly and plainly does not require
'record evidence of the prior conviction and that [appellant] was the
person convicted.' And our decision in Resanovich(4) did not decide
Article 42.08(b) required this." Bell v. State, 994 S.W.2d 173, 174 (Tex.
Crim. App. 1999). (Emphasis added) There was no need for further
proof of appellant's identity. We overrule point of error number one.

 Appellant's point of error two states: "Appellant's conviction
should be overturned on the basis that the court erred in not allowing
lesser-included offenses in the charge to the jury. Appellant made a
timely objection to the failure of the judge to include such in the charge
and the objection was overruled."

 Appellant argues that the jury could have convicted appellant for
first or second misdemeanor DWI if it had doubts about whether
appellant was the same person as shown in the pen pack or the driving
record.

 Article 37.09 of the Code of Criminal Procedure provides: "An
offense is a lesser-included offense if: (1) it is established by proof of the
same or less than all the facts required to establish the commission of
the offense charged;..." Tex. Code Crim. Proc. Ann. art. 37.09(1)
(Vernon 1981).

 A defendant is entitled to an instruction on a lesser-included
offense where the proof for the offense charged includes the proof
necessary to establish the lesser-included offense and there is some
evidence in the record that would permit a jury rationally to find that if
the defendant is guilty, he is guilty only of the lesser-included offense. 
Forrest v. State, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999). The
evidence must establish the lesser-included offense as a valid, rational
alternative to the charged offense. Id. While there is evidence in the
record (the pictures) to show that appellant is the same person
convicted in the Cameron County and Dallas County cases alleged in
the indictment, there is no evidence tending to show he is not this
person. There is nothing to establish the lesser-included offense as a
valid, rational alternative to the charged offense. We overrule the
second point of error.

 Point of error number three argues that the trial court erred in
preventing appellant from cross-examining the arresting officer about
a plea the officer made to making false police reports wherein the officer
was granted deferred adjudication. Appellant concedes that Rule 609(a)
of the Texas Rules of Evidence prohibits such impeachment, however,
he argues that the rule would not apply if a showing can be made that
the witness has testified as a result of bias, motive or ill-will emanating
from his status of deferred adjudication, citing Collins v. State, 780
S.W.2d 176, 196 (Tex. Crim. App. 1986). Appellant makes no reference
to the record to substantiate anything he has alleged in this point of
error. We have nothing before us to show what the arresting officer
would have said with respect to whether his being placed on deferred
adjudication might have caused him to testify falsely in the case
because of bias or ill-will. Without more knowledge of the status of the
witness sought to be impeached herein, we are unable to determine
whether there is error as alleged in point of error number three. We
overrule this point.

 Point of error four argues that it was error for the court to admit
into evidence a picture of appellant without the court first determining
that it was relevant. He also argues that the probative value of the
photograph is outweighed by the danger of unfair prejudice and that it
was offered to influence the jury. The exhibit is a photograph of
appellant the night he was arrested. When it was tendered by the
State, appellant's attorney objected as follows:

 [Defense counsel]: I object, Your Honor, because it hasn't
been properly authenticated. The
witness has no personal knowledge as
to that document. It's not been
established as a business record or it
has not been established as a proper
exhibit, so I object on those grounds.


Because appellant's trial objection does not comport with the issue
raised on appeal, we find that he has preserved nothing for our review. 
Floyd v. State, 959 S.W.2d 706, 712 (Tex. App. ­ Fort Worth 1998, no
pet.). We overrule point of error four.

 Point of error five levels the same objection to the admission of
appellant's driving record(5)
 into evidence as that in point number four. 
Appellant's brief refers us to pages 89-90 of volume three of the
reporter's record for his trial objection. The referenced objection is:

 [The Court]: And You're objecting to even those
pictures coming in?


 [Defense counsel]: Yes because of no proper authentication.


 Again, we overrule this point of error because the objection made
at trial does not comport with the issue raised on appeal. Floyd, 959
S.W.2d at 712.

 Appellant's sixth and final point of error challenges the trial court's
permitting the arresting officer to testify as an expert on the horizontal
gaze nystagmus test (HGN test). First, we note that the Court of
Criminal Appeals has concluded that the theory underlying the HGN test
is sufficiently reliable pursuant to Texas Rule of Criminal Evidence 702. 
Emerson v. State, 880 S.W.2d 759, 768 (Tex. Crim. App. 1994). The
court took judicial notice of the reliability of both the theory underlying
the HGN test and its technique. Id. at 769.

 The arresting officer in our case testified that he had been certified
by the State of Texas in 1995 to conduct the HGN test and that he had
since been re-certified. He testified that he was certified at the time of
trial. He told the trial court of his training, including a total of sixty four
course hours of training at Texas A & M, and his experience with the
test and was asked questions on voir dire by defense counsel. The trial
court heard all of this before ruling that the officer could testify to his
conclusion that the appellant did have vertical nystagmus.

 In order for a witness's expert testimony to be admissible under
Rule 702, the witness must qualify as an expert by "knowledge, skill,
experience, training, or education." Tex. R. Evid. 702; Kerr v. State, 921
S.W.2d 498, 502 (Tex. App. ­ Forth Worth 1996, no pet.). Whether a
particular witness qualifies as an expert is a decision to be made by the
trial judge, and the judge has broad discretion in this area. Id. at 502. 
We overrule appellant's final point of error and AFFIRM the judgment
of the trial court.

 NOAH KENNEDY

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 21st day of December, 2000.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. Tex. Code Crim. Proc. Ann. art. 42.08(b) (Vernon 2000). 
3. Tex. Code Crim. P. art. 42.08(b) (Vernon 2000).

4. Resanovich v. State, 906 S.W.2d 40 (Tex. Crim. App. 1995)
5. Appellant's page reference to the record is not very helpful. The
best we can figure is that he is referring to certified copies of previous
convictions as alleged in the indictment.