NO. 07-02-0480-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 21, 2002


______________________________



IN RE DARRICK M. KIZZEE
,




 Relator


_________________________________



ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)


 Pending before this court is the petition for writ of mandamus of Darrick M. Kizzee
(Kizzee). Through it, Kizzee asks that we order the Honorable John Board, District Judge,
181st Judicial District (district court), to rule upon his "Motion to Release Evidence." The
latter purports to be a motion requesting the district court to order the Texas Department
of Criminal Justice (TDCJ) to release various records pertaining to Kizzee or his criminal
conviction. From the face of the documents attached to the petition for writ of mandamus,
we see that Kizzee asked for the records pursuant to the Texas Open Records Act, Tex.
Gov. Code Ann. §552.001 et seq. (Vernon 1994). We deny the petition for the following
reasons.

 First, the petition fails to conform with the requisites of Texas Rules of Appellate
Procedure 52.1, 52.2, and 52.3. And, that Kizzee may be acting pro se or that he may be
a resident of a penal institution does not relieve him from complying with the rules of
procedure. Foster v. Williams, 74 S.W.3d 200 (Tex. App.--Texarkana 2002, pet. denied).

 Second, and to the extent that Kizzee actually complains about the failure by the
TDCJ to comply with his open records request, the appropriate remedy is to initiate a suit
for writ of mandamus, Tex. Gov. Code Ann. §552.321(a), or one for declaratory and
injunctive relief. Id. at 552.3215(b). His "Motion to Release Evidence" constitutes neither.

 Third, assuming arguendo that the "Motion to Release Evidence" may be deemed
a suit for mandamus or declaratory relief and that citation was properly served upon those
entitled to notice and citation, nothing of record indicates that the motion was brought to
the attention of the district court. Simply put, before mandamus relief may issue, the
petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. In re
Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001, orig. proceeding); O'Connor v.
First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992). To the extent that Kizzee
complains of the district court's failure to rule upon his motion, application of the foregoing
rule would necessarily require him to illustrate that it was aware of the document. (2) The
court cannot be faulted for doing nothing if it was not aware of the need to act. 

 Fourth, and assuming arguendo that the motion is brought to the attention of a
district court, the latter has a duty to consider and rule upon it. In re Bates, 65 S.W.3d
133, 134-35 (Tex. App.--Amarillo 2001, orig. proceeding); In re Ramirez, 994 S.W.2d 682,
683 (Tex. App.--San Antonio 1998, orig. proceeding). This is so because the act of
considering it is ministerial. In re Bates, 65 S.W.2d at 134-35; Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.--San Antonio 1997, orig. proceeding), quoting
O'Donniley v. Golden, 860 S.W.2d 267 (Tex. App.--Tyler 1993, orig. proceeding). 
However, the court has a reasonable time within which to act. Id. And, whether that period
lapsed is dependent upon the circumstances of each case. In re Bates, 65 S.W.2d at 135. 
In other words, no bright-line demarcates the boundaries of a reasonable time period. Id. 
Many indicia are influential, not the least of which are the trial court's actual knowledge of
the motion, its overt refusal to act on same, the state of the court's docket, and the
existence of other judicial and administrative matters which must be addressed first. Id. 
So too must the trial court's inherent power to control its own docket be included in the mix. 
In re Bates, 65 S.W.2d at 135; see Ho v. University of Texas at Arlington, 984 S.W.2d 672,
694-695 (Tex. App.--Amarillo 1998, pet. denied) (holding that a court has the inherent
authority to control its own docket). Since that power is discretionary, Hoggett v. Brown,
971 S.W.2d 472, 495 (Tex. App.--Houston [14th Dist.] 1997, no pet.), we must be wary of
interfering with its exercise without legitimate basis. And, since the party requesting
mandamus relief has the burden to provide us with a record sufficient to establish his right
to same, In re Bates, 65 S.W.2d at 135; Walker v. Packer, 827 S.W.2d 833 (Tex. 1992),
Kizzee had the obligation to provide us with a record establishing that a properly filed
motion has awaited disposition for an unreasonable length of time.

 The record before us merely illustrates that Kizzee may have filed his "Motion to
Release Evidence" on or about October 17, 2002, that is, a bit more than a month ago. 
Yet, no other evidence purporting to touch upon the indicia discussed in the preceding
paragraph appears of record. And, because we do not hold that the district court's failure
to act within a month upon a motion being filed per se constitutes unreasonable delay,
Kizzee failed to satisfy his burden of proof.

 Accordingly, the petition for writ of mandamus is denied.


 Brian Quinn 

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. Filing something with the district clerk does not mean the trial court is aware of it. Nor is that clerk's
knowledge imputed to the trial court. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001, orig.
proceeding). Thus, it was incumbent upon Kizzee to prove that the trial court received notice. Id. Merely
alleging that something was filed with the district clerk is not enough. Id.



LANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW #1 OF LUBBOCK COUNTY;

NO. 2008-450,511, 2008-450,513, 2008-450,517, 2008-450,887;

HONORABLE LARRY B. (RUSTY) LADD, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Nine separately-filed informations charged appellant Thomas Johnson with nine acts
of public lewdness,


 committed over a period of approximately one year against nine
different victims. Waiving a jury, appellant entered an open plea of guilty to the nine
charges. The trial court assessed punishment at 365 days in jail in each of the nine cases
and, in four of the nine, suspended the sentences. The trial court ordered some of the
sentences to be served concurrently and others consecutively. Through one issue,
appellant contends the trial court’s order cumulating the sentences is void. The State
agrees, conceding the trial court entered an invalid cumulation order, and asks us to reform
the judgments and affirm them as reformed. We will do so.
Background
          On August 19, 2008, the trial court called all nine cause numbers for trial. Appellant
indicated he would plead guilty to each of the offenses and requested that the causes be
consolidated into a single plea hearing. The State objected to the consolidation of the
causes. Both sides presented argument and the trial court deferred its ruling until the close
of punishment evidence.
          The court admonished appellant and accepted his open plea of guilty to each of the
nine charges simultaneously. Thereafter, the trial court heard punishment testimony from
eight male witnesses, who described their public encounters with appellant in which he
touched or squeezed their crotch areas. The trial court also admitted the recorded
statement of a female witness, indicating appellant reached from behind her and touched
her breast. 
          At the close of the evidence, the trial court heard additional arguments from the
parties regarding whether the nine causes should be consolidated into a single criminal
action. The court ruled the offenses would not be consolidated and that some of
appellant’s sentences would run consecutively to, rather than concurrently with, his other
sentences. 
          The sentencing for all nine causes was also conducted simultaneously. The trial
court ordered appellant to serve the sentences imposed in the first five causes
concurrently. In those five judgments, which are not appealed, the court assessed
punishment at 365 days confinement, with credit for time served. In the four judgments
being appealed, the trial court assessed punishment at 365 days confinement, with the
period of confinement being suspended in favor of community supervision for a term of two
years. During sentencing, the trial judge said, “Those sentences are to run concurrently
but will be accumulated to the other sentence . . . .” The judge went on to say, “When those
sentences are over, you will begin a probated sentence.” The written judgments,


 however,
do not provide expressly for the sentences to be served consecutive to any particular
sentence.


 The trial court certified appellant’s right of appeal as to the four suspended
sentences and this appeal followed. For purposes of our analysis, we will treat the written
judgments as providing for a consecutive sentence, i.e., the commencement of the four
appealed sentences on appellant’s completion of the five concurrent sentences not
appealed. 
Analysis
          We review a complaint about consecutive sentences under an abuse of discretion
standard. Harvey v. State, 821 S.W.2d 389, 392 (Tex.App.–Houston [14th Dist.] 1991, pet.
ref'd). Generally, a defendant has no right to serve sentences imposed for different
offenses concurrently; rather, the decision to cumulate sentences lies within the discretion
of the trial court. Beedy v. State, 250 S.W.3d 107, 110 (Tex.Crim.App. 2008); Coleman
v. State, 898 S.W.2d 327, 329 (Tex.App.–Tyler 1993) aff’d, 897 S.W.2d 319
(Tex.Crim.App. 1995); see Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006). This
discretion is absolute so long as cumulative sentencing is authorized by law. See Beedy, 
250 S.W.3d at 110 (“[w]hen a trial judge lawfully exercises the option to cumulate, that
decision is unassailable on appeal”); Nicholas v. State, 56 S.W.3d 760, 764-65
(Tex.App.–Houston [14th Dist.] 2001, pet. ref’d) (holding same); accord Revels v. State, No.
05-07-01555-CR, 2008 WL 5177374, at *8 (Tex.App.–Dallas Dec. 11, 2008, no pet.)
(mem. op., not designated for publication). See also Barrow v. State, 207 S.W.2d 377,
380-81 (Tex.Crim.App. 2006) (discussing trial court’s discretionary decision whether to
cumulate sentences).
            But, under Penal Code section 3.03(a), when multiple offenses arising out of the
same criminal episode are consolidated for a single trial,


 and the defendant is found guilty
of more than one offense, the trial court has no discretion to cumulate the sentences. The
sentences must run concurrently.


 Tex. Penal Code Ann. § 3.03(a) (Vernon Supp. 2008). 
The applicability of section 3.03 depends on choices made by the parties, beginning with
the choice of the State to join multiple charges in a single criminal action. Ex parte
McJunkins, 954 S.W.2d 39, 40 (Tex.Crim.App. 1997). When a defendant has multiple
charges and the trial court calls each case separately and handles each case individually,
even though one case is called immediately after the other, the cases are not prosecuted
in a single action. See Ex parte Pharr, 897 S.W.2d 795, 796 (Tex.Crim.App. 1995) (per
curiam) (affirming trial court finding to that effect in habeas corpus action). However, “if the
facts show the proceeding is a single criminal action based on charges arising out of the
same criminal episode, the trial court may not order consecutive sentences.” LaPorte v.
State, 840 S.W.2d 412, 415 (Tex.Crim.App. 1992). See also Bull v. State, No. 07-06-0176-CR, 07-06-0177-CR, 2007 WL 2296480, *3 (Tex.App.–Amarillo Aug. 10, 2007, pet. ref’d)
(mem. op., not designated for publication) (finding the trial court abused its discretion by
sentencing appellant consecutively when, despite the absence of a record showing that
appellant's two indictments were presented in a single plea proceeding in 1996, he was
adjudicated and punishment was set in a single unified proceeding). Whether the State
gave notice of consolidation under Penal Code section 3.02 does not determine the
applicability of section 3.03(a)’s restriction on sentencing. McJunkins, 954 S.W.2d at 41. 
          Here, the State agrees that the trial court improperly cumulated appellant's
sentences. In doing so, the State also does not dispute appellant’s assertion that the
offenses with which appellant was charged fit within the legislature’s definition of a “single
criminal episode.”


 See Tex. Penal Code Ann. § 3.03 (Vernon Supp. 2008); Ex parte
Pharr, 897 S.W.2d at 796; LaPorte, 840 S.W.2d at 414-15. The State also agrees that
although the trial court reserved its ruling on appellant’s request to consolidate, it
admonished appellant and accepted his pleas to each of the nine charges simultaneously. 
Further, the trial court heard evidence on each of the nine charges in the same plea
proceeding. Lastly, the trial court sentenced appellant in each cause in the same
proceeding. Thus despite its ruling made after punishment evidence was presented that
the causes would not be consolidated, the facts show the court conducted a single action.
LaPorte, 840 S.W.2d at 415. The record requires us to conclude the nine causes of action
were in fact joined for trial in a single criminal action, and appellant’s conviction on multiple
offenses triggered the mandatory concurrent sentencing requirement of section 3.03(a). 
See Tex. Penal Code Ann. § 3.03 (Vernon Supp. 2008); Robbins, 914 S.W.2d at 582-83;
LaPorte, 840 S.W.2d at 412-15. The trial court therefore abused its discretion by
cumulating appellant’s sentences.
          An improper cumulation order is a void sentence. LaPorte, 840 S.W.2d at 415. A
party does not have to object to an improper cumulation order during trial in order to
preserve error for appellate review. McJunkins, 954 S.W.2d at 41 (approving holding of
LaPorte, 840 S.W.2d at 415).


 When a trial court enters a void or unlawful cumulation
order, the proper remedy is deletion of the cumulation order. See Beedy, 250 S.W.3d at
110; LaPorte, 840 S.W.2d at 414, Robbins v. State, 914 S.W.2d 582, 584 (Tex.Crim.App.
1996). See also Polanco v. State, 914 S.W.2d 269, 272 n.2 (Tex.App.–Beaumont 1996,
pets. ref'd) (deleting cumulation order when there was evidence that guilty plea
proceedings were intertwined); Smith v. State, 753 S.W.2d 456, 458 (Tex.App.–Houston
[14th Dist.] 1988, no pet.) (holding trial court erred by cumulating sentences at probation
revocation hearing when the two offenses arose out of same criminal episode). See also
Dotson v. State, No. 02-03-00463-CR, 2008 WL 2780663, *7 n.22 (Tex.App.–Fort Worth
July 17, 2008, no pet.) (mem. op., not designated for publication) (recognizing same).
           Accordingly, we reform each of the trial court’s four judgments, 2008-450,511, 2008-450,513, 2008-450,517, and 2008-450,887, to delete any portion requiring appellant’s
sentences to run consecutively and to decree, instead, that each of the sentences are to
run concurrently. As reformed, each of the four judgments is affirmed.
 

                                                                           James T. Campbell

                                                                                     Justice

Do not publish.