NO. 07-04-0388-CV


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 3, 2006


 ______________________________



JAMES R. ANDERSON, APPELLANT



V.



TOMMY L. VAUGHN, APPELLEE


_________________________________



FROM THE 402ND DISTRICT COURT OF WOOD COUNTY;



NO. 2004-114; HONORABLE G. TIMOTHY BOSWELL, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION


 Appellant James R. Anderson appeals a no-answer default judgment in favor of
appellee Tommy L. Vaughn. We reverse and remand.

 Vaughn filed suit against Anderson to set aside a deed and for other relief, alleging
his signature on the deed had been forged. The trial court held a default hearing, noted
Anderson had failed to answer the lawsuit, and entered a default judgment against him. 
Anderson filed a motion for new trial, alleging his failure to answer was the result of a
mistake. The trial court denied the motion and this appeal ensued.

 Anderson raises three issues on appeal, contending the default judgment must be
set aside because Vaughn did not strictly comply with the rules for service of process; (1) and
contending the trial court erred in its finding Anderson had not satisfied the requirements
to set aside a default judgment set forth in Craddock v. Sunshine Bus Lines, Inc. (2)
 and in
its denial of Anderson's request to reopen the evidence at the hearing on his motion for
new trial.

 In support of his first issue, Anderson points out a defect in the return of service. 
The return reflects that delivery of citation to Anderson was accomplished by a private
investigator. The return is completed and signed, but there is nothing on the citation or
attached to it that can be considered a verification as required by Rule of Civil Procedure
107. Tex. R. Civ. P. 107 ("The return of citation by an authorized person shall be verified.")

 Anderson's claim of a defect in service of process is a challenge to the court's
personal jurisdiction over him. Furst v. Smith, 176 S.W.3d 864, 868 (Tex.App.-Houston
[1st Dist.] 2005, no pet.). Whether the court had personal jurisdiction over Anderson is a
question of law. Coronado v. Norman, 111 S.W.3d 838, 841 (Tex.App.-Eastland 2003, pet.
denied). 

 When a defendant has not answered, a trial court acquires jurisdiction over that
defendant solely on proof of proper service. Furst 176 S.W.3d at 868; TEX. R. CIV. P. 107
(prohibiting rendition of a default judgment unless the citation or process with proof of
service, whether in compliance with governing rules or as ordered by the court, has been
on file for ten days). A default judgment cannot withstand a direct attack by a defendant
who was not served in strict compliance with the law. Wilson v. Dunn, 800 S.W.2d 833,
836 (Tex. 1990). Failure to affirmatively demonstrate strict compliance with the Rules of
Civil Procedure renders the attempted service of process invalid and of no effect. Wilson,
800 S.W.2d at 836; see also Furst, 176 S.W.3d at 869 (party requesting service has
responsibility to ensure that proper service is accomplished and the record reflects proper
service); Primate Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)
("return of service is not a trivial, formulaic document"). 

 Compliance with Rule 107 has not been accomplished when the required verification
of the return of citation by an authorized person is absent. Seib v. Bekker, 964 S.W.2d 25,
28 (Tex.App.-Tyler 1997, no writ); McGraw-Hill, Inc. v. Futrell, 823 S.W.2d 414, 416
(Tex.App.-Houston [1st Dist.] 1992, writ denied). The record thus failing to reflect strict
compliance with the rules for proper service, the trial court lacked personal jurisdiction over
Anderson. Primate, 884 S.W.2d at 153; Laas v. Williamson, 156 S.W.3d 854, 859
(Tex.App.-Beaumont 2005, pet. granted). 

 Vaughn contends Anderson "waived this error by admitting not only that he was
served, but facts showing that he was served properly-that the citation was hand delivered
to him." Vaughn relies upon the proposition in First National Bank of Bryan v. Peterson,
709 S.W.2d 276, 280-81 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.) that because
the defendant judicially admitted it was duly served, it was precluded from asserting
defective service. See Wilson, 800 S.W.2d at 837 (citing Peterson, and holding defendant
can waive complaint of defective service by conceding the issue). Vaughn likens the case
before us to Peterson by pointing us to Anderson's use of the term "served" in his affidavit 
supporting his motion for new trial, and to instances in which the term was used during his
testimony in the hearing on his motion. Vaughn also points to Anderson's testimony during
the hearing stating, "it was hand delivered to me, the citation was hand delivered to me." 
Vaughn argues Anderson's statements were sufficiently deliberate, clear and unequivocal
to constitute judicial admissions. (3) We disagree. The admissions made by the bank in
Peterson appeared in its appellate brief, as well as in an affidavit. 709 S.W.2d at 280-81. (4) 
Having reviewed Anderson's affidavit and his hearing testimony, we find the cited
statements, considered in context, were not deliberate, clear and unequivocal admissions
that he was properly served. In particular, Anderson's statement that the citation was
"hand delivered to me" appears unclear and equivocal when considered alongside his
statements confusing hand delivery with delivery by mail. (5) Anderson's statements did not
constitute a judicial admission conceding the issue of Vaughn's compliance with the rules
for service of process. Wilson, 800 S.W.2d at 837. We sustain Anderson's first issue on
appeal. 

 Because Anderson's first issue is dispositive of the appeal, we do not consider his
remaining appellate issues. We reverse the default judgment and remand this cause for
further proceedings. 


 James T. Campbell

 Justice



1. The defect was not addressed in Anderson's motion for new trial. It is raised for
the first time on appeal. All Commercial Floors, Inc. v. Barton & Rasor, 97 S.W.3d 723
(Tex.App.-Fort Worth 2003, no pet.) (defective service raised for first time on appeal). 
2. 133 S.W.2d 124 (Tex. 1939).

3. See Hennigan v. I.P. Petroleum Co., Inc., 858 S.W.2d 371, 372 (Tex. 1993) (per
curiam) (testimony constituting conclusive judicial admission must, inter alia, be deliberate,
clear and unequivocal). See also Benefit Planners, L.L.P. v. RenCare, Ltd., 81 S.W.3d
855, 861 (Tex.App.-San Antonio 2002, pet. denied) (referring to strict standards governing
judicial admissions). 
4. The similar admission made by the defendant in Hurst v. A.R.A. Manufacturing Co.,
555 S.W.2d 141, 142 (Tex.Civ.App.-Fort Worth 1977, writ ref'd n.r.e.), cited in Wilson, 800
S.W.2d at 837, also appeared in his appellate brief.
5. Anderson answered one question with the statement, "I didn't receive [the citation]
in the mail. I said it was hand delivered to me, the citation was hand delivered to me." Two
questions later, when asked what he told his lawyer's receptionist when he gave her the
citation, he responded, "I told her I received that in the mail yesterday, I received it, it was
hand delivered."


ont-size: 12pt">MEMORANDUM OPINION
          Nine separately-filed informations charged appellant Thomas Johnson with nine acts
of public lewdness,


 committed over a period of approximately one year against nine
different victims. Waiving a jury, appellant entered an open plea of guilty to the nine
charges. The trial court assessed punishment at 365 days in jail in each of the nine cases
and, in four of the nine, suspended the sentences. The trial court ordered some of the
sentences to be served concurrently and others consecutively. Through one issue,
appellant contends the trial court’s order cumulating the sentences is void. The State
agrees, conceding the trial court entered an invalid cumulation order, and asks us to reform
the judgments and affirm them as reformed. We will do so.
Background
          On August 19, 2008, the trial court called all nine cause numbers for trial. Appellant
indicated he would plead guilty to each of the offenses and requested that the causes be
consolidated into a single plea hearing. The State objected to the consolidation of the
causes. Both sides presented argument and the trial court deferred its ruling until the close
of punishment evidence.
          The court admonished appellant and accepted his open plea of guilty to each of the
nine charges simultaneously. Thereafter, the trial court heard punishment testimony from
eight male witnesses, who described their public encounters with appellant in which he
touched or squeezed their crotch areas. The trial court also admitted the recorded
statement of a female witness, indicating appellant reached from behind her and touched
her breast. 
          At the close of the evidence, the trial court heard additional arguments from the
parties regarding whether the nine causes should be consolidated into a single criminal
action. The court ruled the offenses would not be consolidated and that some of
appellant’s sentences would run consecutively to, rather than concurrently with, his other
sentences. 
          The sentencing for all nine causes was also conducted simultaneously. The trial
court ordered appellant to serve the sentences imposed in the first five causes
concurrently. In those five judgments, which are not appealed, the court assessed
punishment at 365 days confinement, with credit for time served. In the four judgments
being appealed, the trial court assessed punishment at 365 days confinement, with the
period of confinement being suspended in favor of community supervision for a term of two
years. During sentencing, the trial judge said, “Those sentences are to run concurrently
but will be accumulated to the other sentence . . . .” The judge went on to say, “When those
sentences are over, you will begin a probated sentence.” The written judgments,


 however,
do not provide expressly for the sentences to be served consecutive to any particular
sentence.


 The trial court certified appellant’s right of appeal as to the four suspended
sentences and this appeal followed. For purposes of our analysis, we will treat the written
judgments as providing for a consecutive sentence, i.e., the commencement of the four
appealed sentences on appellant’s completion of the five concurrent sentences not
appealed. 
Analysis
          We review a complaint about consecutive sentences under an abuse of discretion
standard. Harvey v. State, 821 S.W.2d 389, 392 (Tex.App.–Houston [14th Dist.] 1991, pet.
ref'd). Generally, a defendant has no right to serve sentences imposed for different
offenses concurrently; rather, the decision to cumulate sentences lies within the discretion
of the trial court. Beedy v. State, 250 S.W.3d 107, 110 (Tex.Crim.App. 2008); Coleman
v. State, 898 S.W.2d 327, 329 (Tex.App.–Tyler 1993) aff’d, 897 S.W.2d 319
(Tex.Crim.App. 1995); see Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006). This
discretion is absolute so long as cumulative sentencing is authorized by law. See Beedy, 
250 S.W.3d at 110 (“[w]hen a trial judge lawfully exercises the option to cumulate, that
decision is unassailable on appeal”); Nicholas v. State, 56 S.W.3d 760, 764-65
(Tex.App.–Houston [14th Dist.] 2001, pet. ref’d) (holding same); accord Revels v. State, No.
05-07-01555-CR, 2008 WL 5177374, at *8 (Tex.App.–Dallas Dec. 11, 2008, no pet.)
(mem. op., not designated for publication). See also Barrow v. State, 207 S.W.2d 377,
380-81 (Tex.Crim.App. 2006) (discussing trial court’s discretionary decision whether to
cumulate sentences).
            But, under Penal Code section 3.03(a), when multiple offenses arising out of the
same criminal episode are consolidated for a single trial,


 and the defendant is found guilty
of more than one offense, the trial court has no discretion to cumulate the sentences. The
sentences must run concurrently.


 Tex. Penal Code Ann. § 3.03(a) (Vernon Supp. 2008). 
The applicability of section 3.03 depends on choices made by the parties, beginning with
the choice of the State to join multiple charges in a single criminal action. Ex parte
McJunkins, 954 S.W.2d 39, 40 (Tex.Crim.App. 1997). When a defendant has multiple
charges and the trial court calls each case separately and handles each case individually,
even though one case is called immediately after the other, the cases are not prosecuted
in a single action. See Ex parte Pharr, 897 S.W.2d 795, 796 (Tex.Crim.App. 1995) (per
curiam) (affirming trial court finding to that effect in habeas corpus action). However, “if the
facts show the proceeding is a single criminal action based on charges arising out of the
same criminal episode, the trial court may not order consecutive sentences.” LaPorte v.
State, 840 S.W.2d 412, 415 (Tex.Crim.App. 1992). See also Bull v. State, No. 07-06-0176-CR, 07-06-0177-CR, 2007 WL 2296480, *3 (Tex.App.–Amarillo Aug. 10, 2007, pet. ref’d)
(mem. op., not designated for publication) (finding the trial court abused its discretion by
sentencing appellant consecutively when, despite the absence of a record showing that
appellant's two indictments were presented in a single plea proceeding in 1996, he was
adjudicated and punishment was set in a single unified proceeding). Whether the State
gave notice of consolidation under Penal Code section 3.02 does not determine the
applicability of section 3.03(a)’s restriction on sentencing. McJunkins, 954 S.W.2d at 41. 
          Here, the State agrees that the trial court improperly cumulated appellant's
sentences. In doing so, the State also does not dispute appellant’s assertion that the
offenses with which appellant was charged fit within the legislature’s definition of a “single
criminal episode.”


 See Tex. Penal Code Ann. § 3.03 (Vernon Supp. 2008); Ex parte
Pharr, 897 S.W.2d at 796; LaPorte, 840 S.W.2d at 414-15. The State also agrees that
although the trial court reserved its ruling on appellant’s request to consolidate, it
admonished appellant and accepted his pleas to each of the nine charges simultaneously. 
Further, the trial court heard evidence on each of the nine charges in the same plea
proceeding. Lastly, the trial court sentenced appellant in each cause in the same
proceeding. Thus despite its ruling made after punishment evidence was presented that
the causes would not be consolidated, the facts show the court conducted a single action.
LaPorte, 840 S.W.2d at 415. The record requires us to conclude the nine causes of action
were in fact joined for trial in a single criminal action, and appellant’s conviction on multiple
offenses triggered the mandatory concurrent sentencing requirement of section 3.03(a). 
See Tex. Penal Code Ann. § 3.03 (Vernon Supp. 2008); Robbins, 914 S.W.2d at 582-83;
LaPorte, 840 S.W.2d at 412-15. The trial court therefore abused its discretion by
cumulating appellant’s sentences.
          An improper cumulation order is a void sentence. LaPorte, 840 S.W.2d at 415. A
party does not have to object to an improper cumulation order during trial in order to
preserve error for appellate review. McJunkins, 954 S.W.2d at 41 (approving holding of
LaPorte, 840 S.W.2d at 415).


 When a trial court enters a void or unlawful cumulation
order, the proper remedy is deletion of the cumulation order. See Beedy, 250 S.W.3d at
110; LaPorte, 840 S.W.2d at 414, Robbins v. State, 914 S.W.2d 582, 584 (Tex.Crim.App.
1996). See also Polanco v. State, 914 S.W.2d 269, 272 n.2 (Tex.App.–Beaumont 1996,
pets. ref'd) (deleting cumulation order when there was evidence that guilty plea
proceedings were intertwined); Smith v. State, 753 S.W.2d 456, 458 (Tex.App.–Houston
[14th Dist.] 1988, no pet.) (holding trial court erred by cumulating sentences at probation
revocation hearing when the two offenses arose out of same criminal episode). See also
Dotson v. State, No. 02-03-00463-CR, 2008 WL 2780663, *7 n.22 (Tex.App.–Fort Worth
July 17, 2008, no pet.) (mem. op., not designated for publication) (recognizing same).
           Accordingly, we reform each of the trial court’s four judgments, 2008-450,511, 2008-450,513, 2008-450,517, and 2008-450,887, to delete any portion requiring appellant’s
sentences to run consecutively and to decree, instead, that each of the sentences are to
run concurrently. As reformed, each of the four judgments is affirmed.
 

                                                                           James T. Campbell

                                                                                     Justice

Do not publish.