Sidney William SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–00282–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 2, 1988.

Ellen L. Swierczek, Houston, for appellant.

John B. Holmes, Jr., Carol M. Cameron, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant challenges the trial court's judgment revoking his probation and contends that the court erred in cumulating his sentences. We hold that the trial court erred, and reform the sentence and affirm the judgment.

In 1984, appellant was indicted on two counts of aggravated robbery. In exchange for appellant's guilty plea, the State reduced both counts to aggravated assault. The trial court found appellant guilty in both counts, and assessed punishment in count one at ten years confinement, probated, plus a $2000 fine, and in count two at ten years confinement.

In December 1986, appellant was driving a stolen car when he was stopped by Harris County Sheriff's deputies. As two officers approached the car with their guns drawn, appellant suddenly drove off, injuring both officers. Appellant was apprehended after a high-speed chase. In its motion to revoke probation, the State charged appellant with unauthorized use of a motor vehicle and aggravated assault on a peace officer. Following a hearing, the trial court found that appellant had violated the terms and conditions of his probation in both counts, and revoked probation in each case. In count one the court assessed punishment at ten years confinement, plus a $2000 fine. In count two the court assessed punishment at ten years confinement, to begin after the sentence in count one has been served.

In his sole point of error, appellant contends that the trial court erred in cumulating the two sentences. Appellant contends that because his two aggravated assault convictions arose from the same criminal episode, he cannot be given consecutive sentences.

At the conclusion of the probation revocation hearing, the prosecutor asked the court to cumulate appellant's sentences. Appellant's counsel responded by stating: "We request the court not to do that." Defense counsel later stated that:

> This is usually, I believe, based on one charge. We feel 10 years was the sentence assessed, and that is the amount that should be assessed against him if the Court sees fit to give him the maximum.

Because appellant's request did not contain the grounds relied upon on appeal, and because appellant did not obtain a ruling from the court on his request, no error was preserved for our review. TEX.R.APP. P. 52(a); *Esquivel v. State*, 595 S.W.2d 516, 522 (Tex.Crim.App.1980). However, in the interests of justice, we will review the merits of appellant's point of error.

When an accused is found guilty of more than one offense arising out of the same criminal episode and prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall run concurrently. In effect, multiple convictions resulting from the prosecution of joined offenses are treated as a single conviction for sentencing purposes. TEX. PENAL CODE ANN. § 3.03 (Vernon 1974). A "criminal episode" is defined as:

> [T]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are con-

nected or constitute a common scheme or plan.

TEX.PENAL CODE ANN. § 3.01 (Vernon Supp. 1988).

When probation is granted, the sentence is not imposed unless probation is revoked, in which case "the court may proceed to dispose of the case as if there had been no probation." TEX.CODE CRIM.PROC.ANN. art. 42.12, § 8(a) (Vernon Supp.1988); *McCullar v. State*, 676 S.W.2d 587, 588 (Tex.Crim. App.1984). In probation revocation cases, it is within the trial court's discretion to impose sentences concurrently or consecutively. TEX.CODE CRIM.PROC.ANN. art. 42.-08(a) (Vernon Supp.1988); *Gordon v. State*, 575 S.W.2d 529, 535 (Tex.Crim.App.1979) (opinion on state's motion for rehearing); *McCullar*, 676 S.W.2d at 588.

█ However, *Gordon* and *McCullar* are distinguishable from the present case. In those cases, the defendants were found guilty of separate offenses not arising out of the same criminal episode. In the present case, appellant was found guilty on two counts of aggravated assault arising out of the same criminal episode. Under Penal Code section 3.03 his sentences may only run concurrently.

Because the trial court could not have cumulated appellant's sentences if it had imposed them at the end of the trial, the court abused its discretion by doing so at the end of the probation revocation hearing. Appellant's point of error is sustained.

We order the deletion of the cumulation recitals in appellant's sentence. As reformed, the judgment is affirmed.