**ROCKY MOUNTAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–00296–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 26, 1990.

Rehearing Denied May 31, 1990.

Joe W. Bailey, Hinton, Sussamn & Bailey, Houston, for appellant.

John B. Holmes, Dist. Atty., John M. Bradley, Asst. Dist. Atty., Casey O'Brien, Brian Benken, for appellee.

Before WARREN, COHEN and DUNN, JJ.

OPINION

WARREN, Justice.

Appellant was indicted, in a single charging instrument, for 64 counts of the class A misdemeanor offense of forgery. The trial was transferred to Hays County on a change of venue. A jury found appellant guilty on 38 counts of forgery, and assessed punishment on each count at one year in jail, probated, and a $200 fine. On October 24, 1988, the trial court signed the judgments pronouncing the punishment, as assessed by the jury, but did not specify the terms of probation or state whether the fines assessed would be cumulative. At the sentencing hearing on December 7, 1988, sentence was imposed, the order setting out the probationary terms and conditions was signed, and the court ruled that each fine assessed must be paid.

On January 6, 1989, appellant filed a motion for new trial. On March 14, 1989, appellant filed his notice of appeal with the district clerk. On March 22, 1989, appellant filed a motion for extension to file a notice of appeal, as of March 14, 1989. On April 6, 1989, this Court granted appellant's motion for extension to file a notice of appeal.

The State argues that appellant did not file a timely notice of appeal, and, therefore, this Court lacks jurisdiction to hear this appeal. We do not agree.

Rule 41(b) of the Texas Rules of Appellate Procedure sets out the time limit for perfecting appeals in criminal cases as follows:

(1) *Time to Perfect Appeal.* Appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court or

the day an appealable order is signed by the trial judge, except, if a motion for new trial is timely filed, notice of appeal shall be filed within ninety days after the day sentence is imposed or suspended in open court.

(2) *Extension of Time.* An extension of time for filing notice of appeal may be granted by the court of appeals if such notice is filed within fifteen days after the last day allowed and within the same period a motion is filed in the court of appeals reasonably explaining the need for such extension.

Tex.R.App.P. 41(b)(1), (2).

Here, it is clear that the sentence was not imposed until the December 7, 1988 hearing, when appellant was specifically informed of the terms and conditions of his probation. *Arguijo v. State,* 738 S.W.2d 367, 369 (Tex.App.—Corpus Christi 1987, no pet.). Additionally, the sentence did not become an appealable order until the December 7, 1988 hearing, because it was at that hearing that the trial judge ruled that the probated jail sentences would run concurrently, but that the fines would be assessed cumulatively. Until that date, appellant did not know that it would be necessary for him to appeal on the only point of error before us, that the court erred in cumulating the fines assessed for each of the 38 counts of forgery.

Because December 7, 1988 was the day sentence was imposed in open court, or the day an appealable order was signed by the trial court, and because appellant timely filed a motion for new trial on January 6, 1989, the last day for filing a notice of appeal was March 7, 1989. Tex.R.App.P. 41(b)(1). Appellant did not meet this deadline, but filed his notice of appeal on March 14, 1989, and filed his motion for extension to file the notice of appeal on March 22, 1989, both within the 15 day extension period allowed by rule 41(b)(2). Our order granting the extension on April 6, 1989 properly disposed of this matter, and we find the State's argument regarding lack of jurisdiction in this case to be without merit.

■ Appellant's sole point of error complains that the trial court erred in cumulating the fines imposed in each of 38 counts of forgery for which he was convicted. He argues that, rather than assessing a cumulative fine totaling $7,600, the court should have allowed the thirty-eight $200 fines to run concurrently, amounting to a total fine of $200. The court ruled that the probated jail sentence of one year for each of the 38 counts was to run concurrently.

Section 3.03 of the Texas Penal Code provides:

When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. *Such sentences shall run concurrently.*

Tex.Penal Code Ann. § 3.03 (Vernon 1974) (emphasis added).

Appellant argues that *Gordon v. State,* 633 S.W.2d 872, 877 (Tex.Crim.App.1982), and *Smith v. State,* 753 S.W.2d 456, 457 (Tex.App.—Houston [14th Dist.] 1988, no pet.), conclusively hold that where the defendant is charged with two or more counts arising from the same criminal episode, and is tried in one proceeding, the court is bound to allow the resulting sentences to run concurrently. We agree. *Gordon* and *Smith,* however, do not reach the issue in this case. The issue here is whether the legislature, in section 3.03, intended all punishment, i.e., prison sentences and fines, to run concurrently, or whether the rule applies only to prison sentences. *Gordon* and *Smith* both involve only the cumulation of prison sentences, and are, therefore, not dispositive of the issue before us.

The State argues that, as a matter of common sense, only that portion of a sentence involving the passage of time can "run." *See* BLACK'S LAW DICTIONARY 1197 (5th ed. 1979) (defining "run" as having "applicability or legal effect during a prescribed period of time"). Thus, according to the State, the legislature could not have intended the term "sentences" in section 3.03 to include fines, because fines do not involve the passage of time; therefore, fines cannot "run."

We have not found any cases that interpret the meaning of the term "sentence" in section 3.03. However, our research of the law controlling the cumulation of "sentences" reveals that fines have been cumulated in those same cases where prison sentences are required to run concurrently.

As far back as 1899, the Court of Criminal Appeals recognized that judgments in misdemeanor cases imposing pecuniary fines are cumulative. *Ex parte Banks*, 41 Tex.Crim. 201, 53 S.W. 688, 689 (1899). Texas courts have consistently followed that holding. *See Ex parte Minjares*, 582 S.W.2d 105, 106 (Tex.Crim.App. [Panel Op.] 1978) ("judgments in misdemeanor convictions imposing pecuniary fines as punishment have been held not concurrent but cumulative"); *Evans v. State*, 169 Tex. Crim. 295, 333 S.W.2d 387, 388 (1960) (fines cumulated, jail terms concurrent—trial court made no effort to cumulate jail sentences); *McCurdy v. State*, 159 Tex.Crim. 477, 265 S.W.2d 600, 601 (1954) (fines cumulated, jail terms concurrent—trial court made no effort to cumulate jail sentences); *Bristow v. State*, 160 Tex.Crim. 111, 267 S.W.2d 415, 416 (1954) (fines cumulated, jail terms concurrent—trial court made no effort to cumulate jail sentences); *Ex parte Hall*, 158 Tex.Crim. 646, 258 S.W.2d 806, 807 (1953), *cert. denied* 351 U.S. 955, 76 S.Ct. 852, 100 L.Ed. 1478 (1956) (multiple fines must be satisfied separately); *Ex parte Williams*, 133 Tex.Crim. 116, 109 S.W.2d 171, 172 (1937) ("where the judgment assessed is a pecuniary fine," sentences do not run concurrently).

While most of the cases referenced were decided prior to the enactment of section 3.03 in 1973,[1] we find no rationale for assuming that the legislature meant to alter the long-standing rule that pecuniary fines are cumulated for different counts in the same criminal episode. We overrule appellant's point of error, and affirm the judgment of the trial court.

**1.** *See* ch. 399, § 3.03, 1973 Tex.Gen.Laws 883, 891, effective January 1, 1974.