IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0001-07






THE STATE OF TEXAS



v.



JAMES CROOK, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY





 Hervey, J., delivered the opinion of the Court in which Meyers, Price, and
Keasler, JJ., joined. Keller, P.J., concurred. Holcomb, J. filed a dissenting opinion in
which Johnson and Cochran, JJ., joined. Cochran, J. filed a dissenting opinion in which
Womack, J., joined. 


O P I N I O N 



 In this case, we decide that the trial court was required to order appellee's thirteen fines (of
$10,000 each) to run concurrently.

 A jury convicted appellee in a single criminal action of thirteen counts of barratry, (1) which
arose out of the same criminal episode. (2) The jury assessed punishment on each count at 10 years
confinement with a recommendation of community supervision (probation) for this portion of
appellee's sentence. The jury also assessed a $10,000 fine on each count with no recommendation
of probation for this portion of appellee's sentence. The trial court placed appellee on probation for
seven years on each count and ordered these periods of probation to run concurrently. Over the
state's objection, the trial court also ordered the $10,000 fines to run concurrently. The state
appealed, claiming that this portion of appellee's sentence is illegal, (3) because the trial court was
required to order the fines to run consecutively instead of concurrently. The court of appeals rejected
this claim, (4) and we granted review. (5)

 With exceptions not applicable here, the general rule in cases like this is set out in Section
3.03(a), Tex. Pen. Code, which, in relevant part, provides that "sentences shall run concurrently"
when "the accused is found guilty of more than one offense arising out of the same criminal episode
prosecuted in a single criminal action." (6) It is undisputed in this case that appellee was "found guilty
of more than one offense arising out of the same criminal episode prosecuted in a single criminal
action." We do not understand the State to claim otherwise or to dispute that appellee's probationary
terms should run concurrently. We understand the State to claim only that appellee's fines should
run consecutively (and not concurrently).

 This Court has decided, however, that a fine is part of a sentence. See State v. Ross, 953
S.W.2d 748, 750 (Tex.Cr.App. 1997) ("[A] sentence is nothing more than the portion of the
judgment setting out the terms of punishment. For example, the sentence in this case would include
the facts that appellant is to serve sixteen years in the penitentiary beginning July 28, 1995, that his
term is concurrent and that he must pay a $500 fine.") (emphasis in original); see also State v. Kersh,
127 S.W.3d 775, 777 (Tex.Cr.App. 2004) (sentence includes a fine). (7) The concurrent sentences
provision of Section 3.03(a) would, therefore, seem to plainly require that the fines in this case run
concurrently.

 The state argues, however, that this would be inconsistent with over 100 years of case law,
which the state claims requires a holding in this case that fines run consecutively even though the
terms of confinement (in this case, the probationary terms) run concurrently. (8) These cases, however,
either pre-date Section 3.03(a) (9) or rely on these pre-section 3.03(a) cases in holding that the
concurrent sentences provision of Section 3.03(a) does not apply to fines. (10) These cases, therefore,
provide little, if any, guidance on whether this Court should construe the concurrent sentences
provision of Section 3.03(a) to apply to fines. In addition, we have not found, and the state does not
cite to, any decision from this Court addressing the issue of whether the concurrent sentences
provision of Section 3.03(a) should be construed to apply to fines. We, therefore, conclude that this
is an issue of first impression before this Court.

 The argument has been made that the Legislature could not have intended the concurrent
sentences provision of Section 3.03(a) to apply to fines, because a fine does not "run" like a term of
confinement (or probation), which, unlike a fine, involves the passage of time. See Mountain State,
789 S.W.2d at 664-65 (setting out, but not necessarily adopting, the argument that "as a matter of
common sense, only that portion of a sentence involving the passage of time can 'run'"); see also
Juarez, 796 S.W.2d at 526 (relying on the Practice Commentary to Section 3.03 to decide that its
concurrent sentences provision does not apply to fines). (11) It is, however, not apparent to us that the
Legislature's use of the term "run" in Section 3.03(a) was meant to make a distinction between a
term of confinement (or probation) and a fine for concurrent sentencing purposes. (12) The Practice
Commentary is not definitive either, since its first sentence would seem to support construing the
concurrent sentences provision of Section 3.03(a) to apply to the entire sentence, including fines. 
See Practice Commentary to Section 3.03 ("In effect this section treats multiple convictions resulting
from prosecution of joined offenses as a single conviction for sentencing purposes.").

 The legislative history of Section 3.03(a) also does not support the claim that the
Legislature's use of the term "run" in Section 3.03(a) was intended to make a distinction between
terms of imprisonment and fines for concurrent sentencing purposes. What is presently Section
3.03(a) was enacted by the 63rd Legislature in 1973 as part of the complete revision of the Texas
Penal Code. (13) Prior to the enactment of Section 3.03(a) in 1973, the state could not obtain multiple
convictions in the same criminal proceeding when a person committed multiple crimes during the
same criminal episode. Section 3.03(a) changed prior law by providing for multiple convictions in
one criminal proceeding under these circumstances with the defendant having the right to
"concurrent sentences." (14)

 Testifying on behalf of the Criminal Defense Lawyers Association at a Senate Sub-Committee on Criminal Matters hearing on March 27, 1973, Frank Maloney described the structure
of Chapter 3. He testified that Chapter 3 was intended to permit the state to obtain multiple
convictions and sentences in one criminal proceeding for multiple offenses committed during the
same "criminal episode." He testified that all sentences in convictions obtained under Section
3.03(a) would run concurrently with the defendant being required to serve the harshest one imposed. 
He further described the defendant's right to sever, (15) which, if exercised, would expose the defendant
to the possibility of consecutive sentences in the trial court's discretion. (16)

 Testifying on behalf of the Texas County and District Attorneys Association at a House
Criminal Jurisprudence Sub-Committee hearing on February 26, 1973, Tom Hanna, who was the
Jefferson County District Attorney, agreed with Frank Maloney's description of Chapter 3. Mr.
Hanna also testified that one of the purposes of Chapter 3 was to provide prosecutors with the ability
to clear crowded dockets and to save tax-payer money by disposing of multiple crimes in one trial. 
He further testified that sentences under Section 3.03(a) must "run concurrently" unless the
defendant exercised the right to sever, in which case the trial court would have the discretion to stack
the sentences. Mr. Hanna testified that Chapter 3 was a "finely worked out balance" with
prosecutors receiving the ability to clear crowded dockets and defendants receiving the right to
concurrent sentences. (17)

 There is nothing in the legislative history of Section 3.03(a) or any other provision of the
1974 Penal Code to indicate that anyone at any time ever took the position or even suggested that
the concurrent sentences provision of Section 3.03(a) should not apply to fines. (18) The main dispute
or point of debate among the interested parties centered on the definition of "criminal episode" in
Section 3.01 and not on whether some distinction should be made between terms of imprisonment
and fines for concurrent sentencing purposes under Section 3.03(a). (19) Nothing in the legislative
history of Section 3.03(a) indicates that the Legislature intended for the concurrent sentences
provision of Section 3.03(a) to apply to anything but the entire sentence, including fines. This would
be consistent with the language that the Legislature used in Section 3.03(a) that "the sentences shall
run concurrently." We decide that the concurrent sentences provision of Section 3.03(a) applies to
the entire sentence, including fines. (20)

 The judgment of the court of appeals is affirmed. Hervey, J.

Delivered: February 6, 2008

Publish
1. See Section 38.12, Tex. Pen. Code, (defining "barratry").
2. See Section 3.01, Tex. Pen. Code, (defining "criminal episode").
3. The state appealed under the statutory provision authorizing it to appeal a "sentence in a case
on the ground that the sentence is illegal." See Article 44.01(b), Tex. Code Crim. Proc.
4. See State v. Crook, 2005 WL 1536230 (Tex.App.-El Paso, delivered June 30, 2005) (not
designated for publication). 
5. The grounds upon which we granted review state:


 QUESTION FOR REVIEW ONE: Because in a single prosecution resulting in a
multi-count conviction for repeated commission of the same offense (such as this
case), the imprisonment assessed each count (including probation) runs concurrently,
but fines must always be cumulated, didn't the Court of Appeals err in holding that
the trial court did not act without authority and did not render an illegal sentence
when it refused to cumulate the fines totaling $130,000, instead ordering concurrent
payment of the fines, in effect, ordering payment of one fine of $10,000?


 QUESTION FOR REVIEW TWO: Didn't the Court of Appeals err in holding that
the law requiring cumulation of fines applies only in misdemeanor cases and not in
all cases, including felonies?


 QUESTION FOR REVIEW THREE: Didn't the Court of Appeals err in holding that
because case law interpreting section 3.03 of the Penal Code simply states that
section 3.03 does not apply to fines, the trial court had the discretion to not cumulate
the fines?
6. Section 3.03(a) states:


 When an accused is found guilty of more than one offense arising out of the same
criminal episode prosecuted in a single criminal action, a sentence for each offense
for which he has been found guilty shall be pronounced. Except as provided by
Subsection (b), the sentences shall run concurrently.
7. We further note that, if a "sentence" did not include a fine, then the state's appeal could not
be based on Article 44.01(b) as an "appeal [of] a sentence in a case on the ground that the sentence
is illegal."
8. See, e.g., Ex parte Banks, 53 S.W. 688, 689 (Tex.Cr.App. 1899); Veteto v. State, 8 S.W.3d
806, 818 (Tex.App.-Waco 2000, pet. ref'd); Mills v. State, 848 S.W.2d 879, 880 (Tex.App.-Houston
[1st Dist.] 1993, pet. ref'd); Juarez v. State, 796 S.W.2d 523, 526 (Tex.App.-San Antonio 1990, pet.
ref'd); Rocky Mountain v. State, 789 S.W.2d 663, 664-65 (Tex.App.-Houston [1st Dist.] 1990, pet.
ref'd) and cited cases decided between 1899 and 1937. 
9. See, e.g., Banks, 53 S.W. at 689; Mills, 848 S.W.2d at 880 ("for at least 75 years before the
enactment of section 3.03, the [Texas] Court of Criminal Appeals held that judgments imposing
fines are cumulative"); Rocky Mountain, 789 S.W.2d at 665 and cases cited (same).
10. See, e.g., Veteto, 8 S.W.3d at 818; Mills, 848 S.W.2d at 880; Rocky Mountain, 789 S.W.2d
at 665 and cases cited.
11. In Juarez, 796 S.W.2d at 596, the San Antonio Court of Appeals relied on the following
emphasized portion of the Practice Commentary to Section 3.03 to decide that the concurrent
sentences provision of Section 3.03(a) does not apply to fines.


 In effect [Section 3.03(a)] treats multiple convictions resulting from prosecution of
joined offenses as a single conviction for sentencing purposes. A separate sentence
is pronounced for each conviction-so that, for example, if one conviction is
invalidated on appeal valid sentences will remain-but any imprisonment assessed
must run concurrently.


 See Practice Commentary to Section 3.03 (Vernon's 1974) (emphasis supplied).
12. Appellee argues that construing the concurrent sentences provision of Section 3.03(a) to
make this distinction between a term of confinement and a fine would have the result of making it
discretionary with the trial court on whether to run the fines concurrently or consecutively and that
the trial court in this case did not abuse it discretion to order the fines to run concurrently. See
Article 42.08(a), Tex. Code Crim. Proc. 
13. See Acts 1973, 63rd Leg., ch. 399, § 3.03, eff. January 1, 1974.
14. In a hearing before the Senate Jurisprudence Committee on May 8, 1973, Senator
Santiesteban described what Chapter 3 was intended to accomplish. In describing then current law,
Senator Santiesteban stated that if a person broke into a store, robbed and killed the storekeeper, and
then set fire to the store, this person had to be tried on different indictments and in different trials for
each of these crimes. Senator Santiesteban stated that, under the proposed Chapter 3, this person
could be indicted for all these crimes in one multi-count indictment and tried for them in one trial,
and the judge "shall sentence him with concurrent sentences." Senator Santiesteban described
Chapter 3 as a "drastic change" in the law. See www.tsl.state.tx.us Senate Jurisprudence Committee
hearing on 5/8/73, File 894 (13:17-14:42). 
15. See Section 3.04(a), Tex. Pen. Code.
16. See Section 3.04(b), Tex. Pen. Code; www.tsl.state.tx.us Senate Sub-Committee on
Criminal Matters hearing on 3/27/73, File 966 (0-46:45)
17. See House Criminal Jurisprudence Sub-Committee hearing on February 26, 1973: Tape 1,
Side 2 (145-600); Tape 2, Side 1 (0-600). 
18. See www.tsl.state.tx.us (1) Senate Sub-Committee on Criminal Matters hearing on February
13, 1973: Files 930, 931; (2) Senate Sub-Committee on Criminal Matters hearing on February 14,
1973: Files 932, 933, 934; (3) Senate Sub-Committee on Criminal Matters hearing on February 20,
1973: Files 935, 936, 937, 938, 939; (4) Senate Sub-Committee on Criminal Matters hearing on
February 21, 1973: File 940; (5) Senate Sub-Committee on Criminal Matters hearing on February
27, 1973: Files 941, 942, 943; (6) Senate Sub-Committee on Criminal Matters hearing on February
28, 1973: Files 944, 945, 946, 947; (7) Senate Sub-Committee on Criminal Matters hearing on
March 7, 1973: Files 948, 949, 950, 951; (8) Senate Sub-Committee on Criminal Matters hearing
on March 13, 1973: Files 952, 953, 954; (9) Senate Sub-Committee on Criminal Matters hearing on 
March 14, 1973: Files 956, 957; (10) Senate Sub-Committee on Criminal Matters hearing on March
20, 1973: Files 958, 959, 960; (11) Senate Sub-Committee on Criminal Matters hearing on March
21, 1973: Files 961, 962, 963, 964, 965; (12) Senate Sub-Committee on Criminal Matters hearing
on March 27, 1973: Files 966, 967, 968, 969, 970, 971; (12) Senate Sub-Committee on Criminal
Matters hearing on April 3, 1973: Files 972, 973, 974; (13) Senate Sub-Committee on Criminal
Matters hearing on April 4, 1973: Files 975, 976; (14) Senate Sub-Committee on Criminal Matters
hearing on April 10, 1973: Files 977, 978; (15) Senate Sub-Committee on Criminal Matters hearing
on April 24, 1973: Files 979, 980; (16) Senate Sub-Committee on Criminal Matters hearing on April
25, 1973: File 981; (17) Senate Sub-Committee on Criminal Matters hearing on May 1, 1973: File
982; (18) Senate Sub-Committee on Criminal Matters hearing on May 2, 1973: Files 983, 984, 985.

 See www.tsl.state.tx.us (1) Senate Jurisprudence Committee hearing on May 8, 1973: Files
894, 895.

 See www.tsl.state.tx.us (1) Senate Floor Session on May 15, 1973: Files 140, 141, 142; (2)
Senate Floor Session on May 16, 1973: Files 143, 144, 145, 146, 147.

 See (1) House Criminal Jurisprudence Sub-Committee hearing on February 26, 1973: Tapes
1, 2; (2) House Criminal Jurisprudence Sub-Committee hearing on March 5, 1973: Tapes 1, 2, 3; (3)
House Criminal Jurisprudence Sub-Committee hearing on March 12, 1973: Tapes 1, 2; (4) House
Criminal Jurisprudence Sub-Committee hearing on March 14, 1973: Tapes 1, 2; (5) House Criminal
Jurisprudence Sub-Committee hearing on March 19, 1973: Tapes 1, 2; (6) House Criminal
Jurisprudence Sub-Committee hearing on March 21, 1973: Tapes 1, 2.

 See (1) House Criminal Jurisprudence Committee hearing on May 16, 1973: Tape 1-A.

 See (1) House Floor Proceeding on May 18, 1973: Tape 1-B; (2) House Floor Proceeding on
May 19, 1973: Tape 2-A; (3) House Floor Proceedings on May 21 and 23, 1973: Tapes 2-B, 3-A,
3-B, 4-A, 4-B.
19. See www.tsl.state.tx.us: (1) Senate Sub-Committee on Criminal Matters hearing on 2/13/73,
File 931 (21:14-31:30); (2) Senate Sub-Committee on Criminal Matters hearing on 3/27/73, File 966
(0:00-46:45); (3) Senate Jurisprudence Committee hearing on 5/8/73, File 894 (13:17-14:42); (4)
Senate Floor Session on 5/15/73, File 140 (42:00-45:20).

 See also (1) House Criminal Jurisprudence Sub-Committee hearing on 2/26/73, Tape 1, Side
2 (145-610); (2) House Criminal Jurisprudence Sub-Committee hearing on 2/26/73, Tape 2, Side 1
(0-610); House Floor Session on 5/21/73, Tape 2-B (22-83).

 See also (1) State Bar of Texas Committee on Revision of the Penal Code, Working Papers
on Title I, Draft 1 (8/10/70) (generally providing that a defendant "may not be sentenced for more
than one offense" if the "defendant is adjudged guilty of more than one offense arising out of the
same criminal episode"); (2) State Bar of Texas Committee on Revision of the Penal Code, Final
Draft (October 1970) (same).
20. The dissenting opinion claims that our holding in this case changes a "long-standing rule of
cumulating fines for multiple counts of the same criminal episode." See Dissenting op. at 5
(suggesting that the "thought of changing the long-standing rule of cumulating fines for multiple
counts of the same criminal episode did not even occur to the participants [in the legislative process],
precisely because it has been such a long-standing and well-established rule"). There was, however,
no such long-standing rule prior to1973 when the Legislature enacted Section 3.03(a) authorizing
a single criminal prosecution for multiple offenses arising out of the same criminal episode. As the
legislative history of Chapter 3 indicates, this (i.e., authorizing a single criminal prosecution for
multiple offenses arising out of the same criminal episode) was a "drastic change" in the law. See
www.tsl.state.tx.us Senate Jurisprudence Committee hearing on 5/8/73, File 894 (13:17-14:42). 
Therefore, prior to 1973, there could not have been a long-standing rule for the Legislature to deviate
from with respect to concurrent sentences for same-criminal-episode multiple convictions prosecuted
in a single criminal action.

 Under these circumstances, we believe that it is more reasonable to conclude that, when the
participants in the 1973 legislative process referred to "sentences" under Section 3.03(a) running
concurrently, they meant what they said and intended for "sentence" to refer to the entire sentence
(including fines). This is consistent with the language of Section 3.03(a), particularly the term
"sentence," and the "finely worked out balance" that Section 3.03(a) was intended to accomplish. 
See House Criminal Jurisprudence Sub-Committee hearing on February 26, 1973: Tape 1, Side 2
(145-600); Tape 2, Side 1 (0-600). We believe that the overwhelming majority of the materials that
we have examined support a conclusion that "sentence" in Section 3.03(a) should be construed to
encompass the entire sentence (including fines). We decline to decide otherwise by essentially
quibbling over the term "run."