

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0001-07

### THE STATE OF TEXAS

### v.

### JAMES CROOK, Appellee

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE EIGHTH COURT OF APPEALS
## EL PASO COUNTY

HERVEY, J., delivered the opinion of the Court in which MEYERS, PRICE, and KEASLER, JJ., joined. KELLER, P.J., concurred. HOLCOMB, J. filed a dissenting opinion in which JOHNSON and COCHRAN, JJ., joined. COCHRAN, J. filed a dissenting opinion in which WOMACK, J., joined.

## O P I N I O N

In this case, we decide that the trial court was required to order appellee's thirteen fines (of

$10,000 each) to run concurrently.

A jury convicted appellee in a single criminal action of thirteen counts of barratry,[1] which

---

[1] *See* Section 38.12, TEX. PEN. CODE, (defining "barratry").

arose out of the same criminal episode.[2] The jury assessed punishment on each count at 10 years confinement with a recommendation of community supervision (probation) for this portion of appellee's sentence. The jury also assessed a $10,000 fine on each count with no recommendation of probation for this portion of appellee's sentence. The trial court placed appellee on probation for seven years on each count and ordered these periods of probation to run concurrently. Over the state's objection, the trial court also ordered the $10,000 fines to run concurrently. The state appealed, claiming that this portion of appellee's sentence is illegal,[3] because the trial court was required to order the fines to run consecutively instead of concurrently. The court of appeals rejected this claim,[4] and we granted review.[5]

---

[2]

*See* Section 3.01, TEX. PEN. CODE, (defining "criminal episode").

[3]

The state appealed under the statutory provision authorizing it to appeal a "sentence in a case on the ground that the sentence is illegal." *See* Article 44.01(b), TEX. CODE CRIM. PROC.

[4]

*See State v. Crook*, 2005 WL 1536230 (Tex.App.-El Paso, delivered June 30, 2005) (not designated for publication).

[5]

The grounds upon which we granted review state:

QUESTION FOR REVIEW ONE: Because in a single prosecution resulting in a multi-count conviction for repeated commission of the same offense (such as this case), the imprisonment assessed each count (including probation) runs concurrently, but fines must always be cumulated, didn't the Court of Appeals err in holding that the trial court did not act without authority and did not render an illegal sentence when it refused to cumulate the fines totaling $130,000, instead ordering concurrent payment of the fines, in effect, ordering payment of one fine of $10,000?

QUESTION FOR REVIEW TWO: Didn't the Court of Appeals err in holding that the law requiring cumulation of fines applies only in misdemeanor cases and not in all cases, including felonies?

QUESTION FOR REVIEW THREE: Didn't the Court of Appeals err in holding that

With exceptions not applicable here, the general rule in cases like this is set out in Section 3.03(a), TEX. PEN. CODE, which, in relevant part, provides that "sentences shall run concurrently" when "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action."[6] It is undisputed in this case that appellee was "found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action." We do not understand the State to claim otherwise or to dispute that appellee's probationary terms should run concurrently. We understand the State to claim only that appellee's fines should run consecutively (and not concurrently).

This Court has decided, however, that a fine is part of a sentence. *See State v. Ross*, 953 S.W.2d 748, 750 (Tex.Cr.App. 1997) ("[A] sentence is nothing more than the portion of the judgment setting out the terms of punishment. For example, the sentence in this case would include the *facts* that appellant is to serve sixteen years in the penitentiary beginning July 28, 1995, that his term is concurrent and that he must pay a $500 fine.") (emphasis in original); *see also State v. Kersh*, 127 S.W.3d 775, 777 (Tex.Cr.App. 2004) (sentence includes a fine).[7] The concurrent sentences

_____

because case law interpreting section 3.03 of the Penal Code simply states that section 3.03 does not apply to fines, the trial court had the discretion to not cumulate the fines?

[6]
Section 3.03(a) states:

When an accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

[7]
We further note that, if a "sentence" did not include a fine, then the state's appeal could not be based on Article 44.01(b) as an "appeal [of] a sentence in a case on the ground that the sentence is illegal."

provision of Section 3.03(a) would, therefore, seem to plainly require that the fines in this case run concurrently.

The state argues, however, that this would be inconsistent with over 100 years of case law, which the state claims requires a holding in this case that fines run consecutively even though the terms of confinement (in this case, the probationary terms) run concurrently.[8] These cases, however, either pre-date Section 3.03(a)[9] or rely on these pre-section 3.03(a) cases in holding that the concurrent sentences provision of Section 3.03(a) does not apply to fines.[10] These cases, therefore, provide little, if any, guidance on whether this Court should construe the concurrent sentences provision of Section 3.03(a) to apply to fines. In addition, we have not found, and the state does not cite to, any decision from this Court addressing the issue of whether the concurrent sentences provision of Section 3.03(a) should be construed to apply to fines. We, therefore, conclude that this is an issue of first impression before this Court.

The argument has been made that the Legislature could not have intended the concurrent sentences provision of Section 3.03(a) to apply to fines, because a fine does not "run" like a term of

---

[8]

*See, e.g., Ex parte Banks*, 53 S.W. 688, 689 (Tex.Cr.App. 1899); *Veteto v. State*, 8 S.W.3d 806, 818 (Tex.App.–Waco 2000, pet. ref'd); *Mills v. State*, 848 S.W.2d 879, 880 (Tex.App.–Houston [1st Dist.] 1993, pet. ref'd); *Juarez v. State*, 796 S.W.2d 523, 526 (Tex.App.–San Antonio 1990, pet. ref'd); *Rocky Mountain v. State*, 789 S.W.2d 663, 664-65 (Tex.App.–Houston [1st Dist.] 1990, pet. ref'd) and cited cases decided between 1899 and 1937.

[9]

*See, e.g., Banks*, 53 S.W. at 689; *Mills*, 848 S.W.2d at 880 ("for at least 75 years before the enactment of section 3.03, the [Texas] Court of Criminal Appeals held that judgments imposing fines are cumulative"); *Rocky Mountain*, 789 S.W.2d at 665 and cases cited (same).

[10]

*See, e.g., Veteto*, 8 S.W.3d at 818; *Mills*, 848 S.W.2d at 880; *Rocky Mountain*, 789 S.W.2d at 665 and cases cited.

confinement (or probation), which, unlike a fine, involves the passage of time.  *See Mountain State*,

789 S.W.2d at 664-65 (setting out, but not necessarily adopting, the argument that "as a matter of

common sense, only that portion of a sentence involving the passage of time can 'run'"); *see also*

*Juarez*, 796 S.W.2d at 526 (relying on the Practice Commentary to Section 3.03 to decide that its

concurrent sentences provision does not apply to fines).[11]  It is, however, not apparent to us that the

Legislature's use of the term "run" in Section 3.03(a) was meant to make a distinction between a

term of confinement (or probation) and a fine for concurrent sentencing purposes.[12]  The Practice

Commentary is not definitive either, since its first sentence would seem to support construing the

concurrent sentences provision of Section 3.03(a) to apply to the entire sentence, including fines.

*See* Practice Commentary to Section 3.03 ("In effect this section treats multiple convictions resulting

from prosecution of joined offenses as a single conviction for sentencing purposes.").

The legislative history of Section 3.03(a) also does not support the claim that the

---

[11]

In *Juarez*, 796 S.W.2d at 596, the San Antonio Court of Appeals relied on the following emphasized portion of the Practice Commentary to Section 3.03 to decide that the concurrent sentences provision of Section 3.03(a) does not apply to fines.

In effect [Section 3.03(a)] treats multiple convictions resulting from prosecution of joined offenses as a single conviction for sentencing purposes.  A separate sentence is pronounced for each conviction–so that, for example, if one conviction is invalidated on appeal valid sentences will remain–but any *imprisonment assessed must run concurrently*.

*See* Practice Commentary to Section 3.03 (Vernon's 1974) (emphasis supplied).

[12]

Appellee argues that construing the concurrent sentences provision of Section 3.03(a) to make this distinction between a term of confinement and a fine would have the result of making it discretionary with the trial court on whether to run the fines concurrently or consecutively and that the trial court in this case did not abuse it discretion to order the fines to run concurrently.  *See* Article 42.08(a), TEX. CODE CRIM. PROC.

Legislature's use of the term "run" in Section 3.03(a) was intended to make a distinction between terms of imprisonment and fines for concurrent sentencing purposes. What is presently Section 3.03(a) was enacted by the 63rd Legislature in 1973 as part of the complete revision of the Texas Penal Code.[13] Prior to the enactment of Section 3.03(a) in 1973, the state could not obtain multiple convictions in the same criminal proceeding when a person committed multiple crimes during the same criminal episode. Section 3.03(a) changed prior law by providing for multiple convictions in one criminal proceeding under these circumstances with the defendant having the right to "concurrent sentences."[14]

Testifying on behalf of the Criminal Defense Lawyers Association at a Senate Sub-Committee on Criminal Matters hearing on March 27, 1973, Frank Maloney described the structure of Chapter 3. He testified that Chapter 3 was intended to permit the state to obtain multiple convictions and sentences in one criminal proceeding for multiple offenses committed during the same "criminal episode." He testified that *all* sentences in convictions obtained under Section 3.03(a) would run concurrently with the defendant being required to serve the harshest one imposed.

---

[13]

*See* Acts 1973, 63rd Leg., ch. 399, § 3.03, eff. January 1, 1974.

[14]

In a hearing before the Senate Jurisprudence Committee on May 8, 1973, Senator Santiesteban described what Chapter 3 was intended to accomplish. In describing then current law, Senator Santiesteban stated that if a person broke into a store, robbed and killed the storekeeper, and then set fire to the store, this person had to be tried on different indictments and in different trials for each of these crimes. Senator Santiesteban stated that, under the proposed Chapter 3, this person could be indicted for all these crimes in one multi-count indictment and tried for them in one trial, and the judge "shall sentence him with concurrent sentences." Senator Santiesteban described Chapter 3 as a "drastic change" in the law. *See* www.tsl.state.tx.us Senate Jurisprudence Committee hearing on 5/8/73, File 894 (13:17-14:42).

He further described the defendant's right to sever,[15] which, if exercised, would expose the defendant to the possibility of consecutive sentences in the trial court's discretion.[16]

Testifying on behalf of the Texas County and District Attorneys Association at a House Criminal Jurisprudence Sub-Committee hearing on February 26, 1973, Tom Hanna, who was the Jefferson County District Attorney, agreed with Frank Maloney's description of Chapter 3. Mr. Hanna also testified that one of the purposes of Chapter 3 was to provide prosecutors with the ability to clear crowded dockets and to save tax-payer money by disposing of multiple crimes in one trial. He further testified that sentences under Section 3.03(a) must "run concurrently" unless the defendant exercised the right to sever, in which case the trial court would have the discretion to stack the sentences. Mr. Hanna testified that Chapter 3 was a "finely worked out balance" with prosecutors receiving the ability to clear crowded dockets and defendants receiving the right to concurrent sentences.[17]

There is nothing in the legislative history of Section 3.03(a) or any other provision of the 1974 Penal Code to indicate that anyone at any time ever took the position or even suggested that the concurrent sentences provision of Section 3.03(a) should not apply to fines.[18] The main dispute

---

[15] *See* Section 3.04(a), TEX. PEN. CODE.

[16] *See* Section 3.04(b), TEX. PEN. CODE; www.tsl.state.tx.us Senate Sub-Committee on Criminal Matters hearing on 3/27/73, File 966 (0-46:45)

[17] *See* House Criminal Jurisprudence Sub-Committee hearing on February 26, 1973: Tape 1, Side 2 (145-600); Tape 2, Side 1 (0-600).

[18] *See* www.tsl.state.tx.us (1) Senate Sub-Committee on Criminal Matters hearing on February 13, 1973: Files 930, 931; (2) Senate Sub-Committee on Criminal Matters hearing on February 14, 1973: Files 932, 933, 934; (3) Senate Sub-Committee on Criminal Matters hearing on February 20,

or point of debate among the interested parties centered on the definition of "criminal episode" in

Section 3.01 and not on whether some distinction should be made between terms of imprisonment

and fines for concurrent sentencing purposes under Section 3.03(a).[19]  Nothing in the legislative

1973: Files 935, 936, 937, 938, 939; (4) Senate Sub-Committee on Criminal Matters hearing on February 21, 1973: File 940; (5) Senate Sub-Committee on Criminal Matters hearing on February 27, 1973: Files 941, 942, 943; (6) Senate Sub-Committee on Criminal Matters hearing on February 28, 1973: Files 944, 945, 946, 947; (7) Senate Sub-Committee on Criminal Matters hearing on March 7, 1973: Files 948, 949, 950, 951; (8) Senate Sub-Committee on Criminal Matters hearing on March 13, 1973: Files 952, 953, 954; (9) Senate Sub-Committee on Criminal Matters hearing on March 14, 1973: Files 956, 957; (10) Senate Sub-Committee on Criminal Matters hearing on March 20, 1973: Files 958, 959, 960; (11) Senate Sub-Committee on Criminal Matters hearing on March 21, 1973: Files 961, 962, 963, 964, 965; (12) Senate Sub-Committee on Criminal Matters hearing on March 27, 1973: Files 966, 967, 968, 969, 970, 971; (12) Senate Sub-Committee on Criminal Matters hearing on April 3, 1973: Files 972, 973, 974; (13) Senate Sub-Committee on Criminal Matters hearing on April 4, 1973: Files 975, 976; (14) Senate Sub-Committee on Criminal Matters hearing on April 10, 1973: Files 977, 978; (15) Senate Sub-Committee on Criminal Matters hearing on April 24, 1973: Files 979, 980; (16) Senate Sub-Committee on Criminal Matters hearing on April 25, 1973: File 981; (17) Senate Sub-Committee on Criminal Matters hearing on May 1, 1973: File 982; (18) Senate Sub-Committee on Criminal Matters hearing on May 2, 1973: Files 983, 984, 985.

*See* www.tsl.state.tx.us (1) Senate Jurisprudence Committee hearing on May 8, 1973: Files 894, 895.

*See* www.tsl.state.tx.us (1) Senate Floor Session on May 15, 1973: Files 140, 141, 142; (2) Senate Floor Session on May 16, 1973: Files 143, 144, 145, 146, 147.

*See* (1) House Criminal Jurisprudence Sub-Committee hearing on February 26, 1973: Tapes 1, 2; (2) House Criminal Jurisprudence Sub-Committee hearing on March 5, 1973: Tapes 1, 2, 3; (3) House Criminal Jurisprudence Sub-Committee hearing on March 12, 1973: Tapes 1, 2; (4) House Criminal Jurisprudence Sub-Committee hearing on March 14, 1973: Tapes 1, 2; (5) House Criminal Jurisprudence Sub-Committee hearing on March 19, 1973: Tapes 1, 2; (6) House Criminal Jurisprudence Sub-Committee hearing on March 21, 1973: Tapes 1, 2.

*See* (1) House Criminal Jurisprudence Committee hearing on May 16, 1973: Tape 1-A.

*See* (1) House Floor Proceeding on May 18, 1973: Tape 1-B; (2) House Floor Proceeding on May 19, 1973: Tape 2-A; (3) House Floor Proceedings on May 21 and 23, 1973: Tapes 2-B, 3-A, 3-B, 4-A, 4-B.

[19]

*See* www.tsl.state.tx.us: (1) Senate Sub-Committee on Criminal Matters hearing on 2/13/73, File 931 (21:14-31:30); (2) Senate Sub-Committee on Criminal Matters hearing on 3/27/73, File 966 (0:00-46:45); (3) Senate Jurisprudence Committee hearing on 5/8/73, File 894 (13:17-14:42); (4) Senate Floor Session on 5/15/73, File 140 (42:00-45:20).

*See also* (1) House Criminal Jurisprudence Sub-Committee hearing on 2/26/73, Tape 1, Side 2 (145-610); (2) House Criminal Jurisprudence Sub-Committee hearing on 2/26/73, Tape 2, Side 1

history of Section 3.03(a) indicates that the Legislature intended for the concurrent sentences provision of Section 3.03(a) to apply to anything but the entire sentence, including fines. This would be consistent with the language that the Legislature used in Section 3.03(a) that "the sentences shall run concurrently." We decide that the concurrent sentences provision of Section 3.03(a) applies to the entire sentence, including fines.[20]

The judgment of the court of appeals is affirmed.

---

(0-610); House Floor Session on 5/21/73, Tape 2-B (22-83).

See also (1) State Bar of Texas Committee on Revision of the Penal Code, Working Papers on Title I, Draft 1 (8/10/70) (generally providing that a defendant "may not be sentenced for more than one offense" if the "defendant is adjudged guilty of more than one offense arising out of the same criminal episode"); (2) State Bar of Texas Committee on Revision of the Penal Code, Final Draft (October 1970) (same).

[20]

The dissenting opinion claims that our holding in this case changes a "long-standing rule of cumulating fines for multiple counts of the same criminal episode." See Dissenting op. at 5 (suggesting that the "thought of changing the long-standing rule of cumulating fines for multiple counts of the same criminal episode did not even occur to the participants [in the legislative process], precisely because it has been such a long-standing and well-established rule"). There was, however, no such long-standing rule prior to 1973 when the Legislature enacted Section 3.03(a) authorizing a single criminal prosecution for multiple offenses arising out of the same criminal episode. As the legislative history of Chapter 3 indicates, this (i.e., authorizing a single criminal prosecution for multiple offenses arising out of the same criminal episode) was a "drastic change" in the law. See www.tsl.state.tx.us Senate Jurisprudence Committee hearing on 5/8/73, File 894 (13:17-14:42). Therefore, prior to 1973, there could not have been a long-standing rule for the Legislature to deviate from with respect to concurrent sentences for same-criminal-episode multiple convictions prosecuted in a single criminal action.

Under these circumstances, we believe that it is more reasonable to conclude that, when the participants in the 1973 legislative process referred to "sentences" under Section 3.03(a) running concurrently, they meant what they said and intended for "sentence" to refer to the entire sentence (including fines). This is consistent with the language of Section 3.03(a), particularly the term "sentence," and the "finely worked out balance" that Section 3.03(a) was intended to accomplish. See House Criminal Jurisprudence Sub-Committee hearing on February 26, 1973: Tape 1, Side 2 (145-600); Tape 2, Side 1 (0-600). We believe that the overwhelming majority of the materials that we have examined support a conclusion that "sentence" in Section 3.03(a) should be construed to encompass the entire sentence (including fines). We decline to decide otherwise by essentially quibbling over the term "run."

Hervey, J.

Delivered: February 6, 2008
Publish