NOS. 07-08-0428-CR; 07-08-0429-CR; 07-08-0430-CR; 07-08-0431-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 16, 2009
_____

THOMAS R. JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW #1 OF LUBBOCK COUNTY;

NO. 2008-450,511, 2008-450,513, 2008-450,517, 2008-450,887;

HONORABLE LARRY B. (RUSTY) LADD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Nine separately-filed informations charged appellant Thomas Johnson with nine acts of public lewdness,[1] committed over a period of approximately one year against nine different victims. Waiving a jury, appellant entered an open plea of guilty to the nine charges. The trial court assessed punishment at 365 days in jail in each of the nine cases

---

[1] *See* Tex. Penal Code Ann. § 21.07 (Vernon 2003). An offense under this section is punishable by confinement in jail not to exceed one year, a fine not to exceed $4000, or both. Tex. Penal Code Ann. § 12.21 (Vernon 2003).

and, in four of the nine, suspended the sentences. The trial court ordered some of the sentences to be served concurrently and others consecutively. Through one issue, appellant contends the trial court's order cumulating the sentences is void. The State agrees, conceding the trial court entered an invalid cumulation order, and asks us to reform the judgments and affirm them as reformed. We will do so.

## Background

On August 19, 2008, the trial court called all nine cause numbers for trial. Appellant indicated he would plead guilty to each of the offenses and requested that the causes be consolidated into a single plea hearing. The State objected to the consolidation of the causes. Both sides presented argument and the trial court deferred its ruling until the close of punishment evidence.

The court admonished appellant and accepted his open plea of guilty to each of the nine charges simultaneously. Thereafter, the trial court heard punishment testimony from eight male witnesses, who described their public encounters with appellant in which he touched or squeezed their crotch areas. The trial court also admitted the recorded statement of a female witness, indicating appellant reached from behind her and touched her breast.

At the close of the evidence, the trial court heard additional arguments from the parties regarding whether the nine causes should be consolidated into a single criminal action. The court ruled the offenses would not be consolidated and that some of

appellant's sentences would run consecutively to, rather than concurrently with, his other sentences.

The sentencing for all nine causes was also conducted simultaneously. The trial court ordered appellant to serve the sentences imposed in the first five causes concurrently. In those five judgments, which are not appealed, the court assessed punishment at 365 days confinement, with credit for time served. In the four judgments being appealed, the trial court assessed punishment at 365 days confinement, with the period of confinement being suspended in favor of community supervision for a term of two years. During sentencing, the trial judge said, "Those sentences are to run concurrently but will be accumulated to the other sentence . . . ." The judge went on to say, "When those sentences are over, you will begin a probated sentence." The written judgments,[2] however, do not provide expressly for the sentences to be served consecutive to any particular sentence.[3] The trial court certified appellant's right of appeal as to the four suspended sentences and this appeal followed. For purposes of our analysis, we will treat the written judgments as providing for a consecutive sentence, i.e., the commencement of the four

---

[2] When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls. *Thompson v. State,* 108 S.W.3d 287, 290 (Tex.Crim.App. 2003). The solution in such a situation is to modify the judgment to conform to the trial court's oral pronouncement. *Id.*

[3] On a separate page, after the judge's signature, and below appellant's fingerprint, each of the four written judgments contains a list of the other three cause numbers followed by the phrase, "Twenty-Four (24) Months Cumulative." Without reference to the record, it would not be possible to determine if these four sentences were intended to run consecutive to one another or consecutive to some other unidentified sentence.

appealed sentences on appellant's completion of the five concurrent sentences not appealed.

Analysis

We review a complaint about consecutive sentences under an abuse of discretion standard. *Harvey v. State*, 821 S.W.2d 389, 392 (Tex.App.–Houston [14th Dist.] 1991, pet. ref'd). Generally, a defendant has no right to serve sentences imposed for different offenses concurrently; rather, the decision to cumulate sentences lies within the discretion of the trial court. *Beedy v. State,* 250 S.W.3d 107, 110 (Tex.Crim.App. 2008); *Coleman v. State,* 898 S.W.2d 327, 329 (Tex.App.–Tyler 1993) *aff'd,* 897 S.W.2d 319 (Tex.Crim.App. 1995); *see* Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006). This discretion is absolute so long as cumulative sentencing is authorized by law. *See Beedy,* 250 S.W.3d at 110 ("[w]hen a trial judge lawfully exercises the option to cumulate, that decision is unassailable on appeal"); *Nicholas v. State,* 56 S.W.3d 760, 764-65 (Tex.App.–Houston [14th Dist.] 2001, pet. ref'd) (holding same); *accord Revels v. State*, No. 05-07-01555-CR, 2008 WL 5177374, at *8 (Tex.App.–Dallas Dec. 11, 2008, no pet.) (mem. op., not designated for publication). *See also Barrow v. State*, 207 S.W.2d 377, 380-81 (Tex.Crim.App. 2006) (discussing trial court's discretionary decision whether to cumulate sentences).

But, under Penal Code section 3.03(a), when multiple offenses arising out of the same criminal episode are consolidated for a single trial,[4] and the defendant is found guilty of more than one offense, the trial court has no discretion to cumulate the sentences. The sentences must run concurrently.[5] Tex. Penal Code Ann. § 3.03(a) (Vernon Supp. 2008). The applicability of section 3.03 depends on choices made by the parties, beginning with the choice of the State to join multiple charges in a single criminal action. *Ex parte McJunkins,* 954 S.W.2d 39, 40 (Tex.Crim.App. 1997). When a defendant has multiple charges and the trial court calls each case separately and handles each case individually, even though one case is called immediately after the other, the cases are not prosecuted in a single action. *See Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex.Crim.App. 1995) (per curiam) (affirming trial court finding to that effect in habeas corpus action). However, "if the facts show the proceeding is a single criminal action based on charges arising out of the same criminal episode, the trial court may not order consecutive sentences." *LaPorte v. State,* 840 S.W.2d 412, 415 (Tex.Crim.App. 1992). *See also Bull v. State,* No. 07-06-0176-CR, 07-06-0177-CR, 2007 WL 2296480, *3 (Tex.App.–Amarillo Aug. 10, 2007, pet. ref'd) (mem. op., not designated for publication) (finding the trial court abused its discretion by sentencing appellant consecutively when, despite the absence of a record showing that appellant's two indictments were presented in a single plea proceeding in 1996, he was adjudicated and punishment was set in a single unified proceeding). Whether the State

---

[4] *See* Tex. Penal Code Ann. § 3.02(a) (Vernon 2003) (providing for consolidation); *Salazar v. State,* 127 S.W.3d 355, 363-64 (Tex.App.–Houston [14th Dist.] 2004, pet. refused) (applying section 3.02).

[5] Section 3.03(b) creates an exception that is not applicable here. *See* Tex. Penal Code Ann. § 3.03(b) (Vernon Supp. 2008).

gave notice of consolidation under Penal Code section 3.02 does not determine the applicability of section 3.03(a)'s restriction on sentencing. *McJunkins*, 954 S.W.2d at 41.

Here, the State agrees that the trial court improperly cumulated appellant's sentences. In doing so, the State also does not dispute appellant's assertion that the offenses with which appellant was charged fit within the legislature's definition of a "single criminal episode."[6]  *See* Tex. Penal Code Ann. § 3.03 (Vernon Supp. 2008); *Ex parte Pharr,* 897 S.W.2d at 796; *LaPorte,* 840 S.W.2d at 414-15.  The State also agrees that although the trial court reserved its ruling on appellant's request to consolidate, it admonished appellant and accepted his pleas to each of the nine charges simultaneously. Further, the trial court heard evidence on each of the nine charges in the same plea proceeding.  Lastly, the trial court sentenced appellant in each cause in the same proceeding.  Thus despite its ruling made after punishment evidence was presented that the causes would not be consolidated, the facts show the court conducted a single action. *LaPorte,* 840 S.W.2d at 415.  The record requires us to conclude the nine causes of action were in fact joined for trial in a single criminal action, and appellant's conviction on multiple offenses triggered the mandatory concurrent sentencing requirement of section 3.03(a). *See* Tex. Penal Code Ann. § 3.03 (Vernon Supp. 2008); *Robbins,* 914 S.W.2d at 582-83; *LaPorte,* 840 S.W.2d at 412-15.  The trial court therefore abused its discretion by cumulating appellant's sentences.

An improper cumulation order is a void sentence. *LaPorte,* 840 S.W.2d at 415. A party does not have to object to an improper cumulation order during trial in order to

---

[6] "Criminal episode" is defined to include, *inter alia*, the repeated commission of the same or similar offenses.  Tex. Penal Code Ann. § 3.01 (Vernon 2003).

preserve error for appellate review. *McJunkins*, 954 S.W.2d at 41 (approving holding of *LaPorte,* 840 S.W.2d at 415).[7] When a trial court enters a void or unlawful cumulation order, the proper remedy is deletion of the cumulation order. *See Beedy,* 250 S.W.3d at 110; *LaPorte,* 840 S.W.2d at 414, *Robbins v. State,* 914 S.W.2d 582, 584 (Tex.Crim.App. 1996). *See also Polanco v. State,* 914 S.W.2d 269, 272 n.2 (Tex.App.–Beaumont 1996, pets. ref'd) (deleting cumulation order when there was evidence that guilty plea proceedings were intertwined); *Smith v. State*, 753 S.W.2d 456, 458 (Tex.App.–Houston [14th Dist.] 1988, no pet.) (holding trial court erred by cumulating sentences at probation revocation hearing when the two offenses arose out of same criminal episode). *See also Dotson v. State,* No. 02-03-00463-CR, 2008 WL 2780663, *7 n.22 (Tex.App.–Fort Worth July 17, 2008, no pet.) (mem. op., not designated for publication) (recognizing same).

Accordingly, we reform each of the trial court's four judgments, 2008-450,511, 2008-450,513, 2008-450,517, and 2008-450,887, to delete any portion requiring appellant's sentences to run consecutively and to decree, instead, that each of the sentences are to run concurrently. As reformed, each of the four judgments is affirmed.

James T. Campbell
Justice

Do not publish.

---

[7] While a defendant can waive the right to concurrent sentencing, no one suggests that occurred here, and appellant's urging of consolidation would preclude a finding of waiver. *See McJunkins,* 954 S.W.2d at 42 (finding waiver through plea bargain); *Jackson v. State,* 157 S.W.3d 514, 516-17 (Tex.App.–Texarkana 2005, no pet.) (distinguishing *McJunkins*).

7